# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Hansen*, 2011 IL App (2d) 081226

---

| | |
|---|---|
| Appellate Court Caption | The People of the State of Illinois, Plaintiff-Appellee, v. George H. Hansen, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2–08–1226 |
| Filed | May 27, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court had jurisdiction to consider defendant's appeal from the dismissal of his *pro se* postconviction petition where the postmark on the letter containing his notice of appeal showed that it was mailed within 30 days of the date the trial court's order denying defendant's motion to reconsider the dismissal was publicly announced, notwithstanding the fact that the trial court's written order was signed and dated 5 days before it was announced, since the effective date of the order was the date it was publicly announced, and in defendant's case, the postmark was the most competent proof of mailing; the summary dismissal of the petition was affirmed over defendant's argument that the *Strickland* test only governed whether his claims were ultimately proven, not whether he stated the gist of a constitutional claim of ineffective assistance of counsel, because *Strickland* does govern whether a petition states the gist of such a claim. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 04–CF–4215; the Hon. Steven G. Vecchio, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Johannah B. Weber and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant. |
| | |
| | Joseph P. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of Counsel), for the People. |
| | |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. Justice Hutchinson concurred in the judgment and opinion. Presiding Justice Jorgensen dissented, with opinion. |

**OPINION**

¶ 1    Defendant, George H. Hansen, appeals from the order of the circuit court of Winnebago County dismissing his *pro se* postconviction petition at the first stage of postconviction proceedings. We affirm.

¶ 2    Following a jury trial, defendant was convicted of the first-degree murder (720 ILCS 5/9–1(a)(1) (West 2004)) of his business partner and was sentenced to 60 years' imprisonment. This court affirmed defendant's conviction and sentence in *People v. Hansen*, No. 2–05–1045 (2007) (unpublished order under Supreme Court Rule 23). Subsequently, defendant petitioned *pro se* for postconviction relief. Defendant claimed in his petition that both his trial and appellate counsel were ineffective. On September 23, 2008, after reciting the grounds that defendant advanced for postconviction relief, the trial court dismissed the petition, finding it frivolous and patently without merit.

¶ 3    Defendant moved the trial court to reconsider its ruling. Defendant's motion to reconsider was placed on the court's call for November 3, 2008. On that date, the court advised the State that it would "[s]chedule it for next week, November 10, at 1:30, and I'll rule on the Motion for Reconsideration." In a written order dated November 5, 2008, the court denied defendant's motion to reconsider. At proceedings held on November 10, 2008, the court advised the State that "just for your information I did enter an order dated November 5 that says that the court being fully advised in the premises finds that [defendant's] motion for reconsideration should be and is hereby denied." Although the court's written order was dated November 5, 2008, it was not file-stamped until November 10, 2008.

¶ 4    The order was delivered to defendant on November 19, 2008, and defendant filed a notice of appeal. The certificate of service accompanying defendant's notice of appeal indicated that defendant placed the notice in the prison's mail system on December 8, 2008, and sent it to the "Clerk of Winnebago" at the listed address. Defendant also verified under

section 1–109 of the Code of Civil Procedure (Code) (735 ILCS 5/1–109 (West 2008)) that he was a named party in the action, that he had read the notice of appeal, and that the notice of appeal was true and correct to the best of his knowledge and belief. Although the certificate of service contained this verification, it was not notarized and did not indicate that proper postage was prepaid. Attached to the certificate was a copy of the envelope that had contained defendant's notice of appeal. That envelope indicated that postage was paid on December 10, 2008. Defendant's notice of appeal was file-stamped on December 12, 2008.

¶ 5 On June 24, 2009, before the briefs were filed in this court, defendant moved this court to establish jurisdiction. The State objected. On July 9, 2009, this court determined that it had jurisdiction over this appeal. Defendant filed his brief in this court seven months later.

¶ 6 The State now argues again that this court is without jurisdiction over this appeal, as defendant's notice of appeal was not timely filed. A timely filed notice of appeal is both jurisdictional and mandatory. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). In determining whether defendant's notice of appeal was timely, we look to Supreme Court Rule 606(b) (eff. Sept. 1, 2006), which governs appeals in postconviction proceedings. See Ill. S. Ct. R. 651(d) (eff. Dec. 1, 1984) (appeals in postconviction proceedings are governed by the rules that apply in criminal appeals "as near as may be"). Under Rule 606(b), a defendant must file a notice of appeal within 30 days after entry of the order disposing of the postconviction petition or, if a timely filed motion attacking the ruling on the postconviction petition is filed, within 30 days after the entry of the order disposing of that motion. Ill. S. Ct. R. 606(b) (eff. Sept. 1, 2006). Whether this court has jurisdiction over this appeal is a question of law, subject to *de novo* review. *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 339 (2001).

¶ 7 With these principles in mind, we must first determine when the order disposing of the motion to reconsider was entered. The State argues that "the date the order was entered, not when it was file-stamped, is the proper date." Supreme Court Rule 272 provides:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." Ill. S. Ct. R. 272 (eff. Nov. 1, 1990).

The effective date of a final judgment is the date on which the court's action is publicly expressed, in words and at the situs of the proceeding. *In re Marriage of Nettleton*, 348 Ill. App. 3d 961, 966 (2004). "A judgment 'becomes public at the situs of the proceeding when it is filed with the clerk of the court.' " *Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City,* 141 Ill. 2d 122, 126 (1990) (quoting *People ex rel. Schwartz v. Fagerholm*, 17 Ill. 2d 131, 137 (1959)).

¶ 8 Here, the trial court's written order was dated November 5, 2008, but it was not publicly expressed at the situs of the proceeding until it was filed with the clerk on November 10, 2008. To hold that November 5, 2008, was the order's effective date would create an

untenable result, as defendant would have lost his ability to appeal under certain scenarios. For example, had the court not entered the order into the court file within 30 days, defendant would have been unable to file his appeal. The court could have set the date for ruling on December 6, 2008 (rather than November 10, 2008), drafted a dismissal order, signed it, and dated it November 5, 2008, and, by leaving the order dormant for 30 days, foreclosed defendant's ability to appeal from the order. Such outcomes would, of course, be unacceptable. The effective date of the court's order in this case was November 10, 2008.

¶ 9　　Having determined that the order disposing of the motion to reconsider was entered on November 10, 2008, we must next determine if the notice of appeal was filed by December 10, 2008, 30 days later. The notice of appeal was not received by that date; the trial court received it two days later, on December 12, 2008.

¶ 10　　Supreme Court Rule 373 (eff. Feb. 1, 1994), which applies to appeals from postconviction proceedings (*People v. Lugo*, 391 Ill. App. 3d 995, 997 (2009)), provides guidance in this area (see *Secura*, 232 Ill. 2d at 214). That rule states:

> "Unless received after the due date, the time of filing records, briefs or other papers required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12(b)(3)." Ill. S. Ct. R. 373 (eff. Feb. 1, 1994).

Supreme Court Rules 12(a), (b)(3), and (c) provide:

> "(a) Filing. When service of a paper is required, proof of service shall be filed with the clerk.
>
> (b) Manner of Proof. Service is proved:
> * * *
> (3) in case of service by mail, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid[.]
> ***
> (c) Effective Date of Service by Mail. Service by mail is completed four days after mailing." Ill. S. Ct. Rs. 12(a), (b)(3), (c) (eff. Nov. 15, 1992).

¶ 11　　Our supreme court found "elementary" the reason that proper proof of mailing pursuant to Rule 12(b)(3) is required in order to take advantage of service by mail under Rule 373:

> "If there is no proof of mailing on file, there is nothing in the record to establish the date the document was timely mailed to confer jurisdiction on the appellate court." *Secura*, 232 Ill. 2d at 216.

In *Secura*, the only evidence submitted of the date of mailing was the date contained in the body of a cover letter. However, in the case before us, there *was* something in the record to establish the date of mailing–a clear postmark of "Dec 10 2008" on the envelope in which the notice of appeal was mailed.

¶ 12　　A divided panel of this court recently concluded that a postmark is not sufficient proof

of mailing under Rule 373. See *Lugo*, 391 Ill. App. 3d at 1003. According to the *Lugo* majority, "the postmark on the envelope that is taped to the back of defendant's notice of appeal does not meet the proof of mailing requirements of Rule 373," so the defendant was "precluded from taking advantage of Rule 373's provision that documents received after the due date are deemed filed as of the date they are mailed." *Lugo*, 391 Ill. App. 3d at 1003.

¶ 13     We conclude, as did the dissent in *Lugo,* that *Lugo* is too literal and narrow in its reading and interpretation of Rules 373 and 12(b)(3). See *Lugo*, 391 Ill. App. 3d at 1004 (McLaren, J., dissenting). As the committee comments to Rule 373 state, in part:

> "As originally adopted the rule provided that the time of mailing might be evidenced by the post mark affixed by a United States Post Office. Because of problems with the legibility of post marks, and delay in affixing them in some cases, the rule was amended in 1981 to provide for the use of affidavits of mailing or United States Postal Service certificates of mailing." Ill. S. Ct. R. 373, Committee Comments (revised July 1, 1985).

Rule 373 was revised to address the problems of illegible postmarks and late-placed postmarks; it was not written to compel courts to disregard clear evidence that a postmark provides of the timely mailing of a document.

¶ 14     As the dissenting justice in *Lugo* noted, "before a postmark [is] stamped on an envelope, the envelope must be placed in the mail. If the postmark is timely, then it is immaterial when the envelope was actually placed in the mail." *Lugo*, 391 Ill. App. 3d at 1007 (McLaren, J., dissenting). It is axiomatic that, if there is a timely and legible postmark, an affidavit or a certification of mailing is a corroborative redundancy. Requiring a court to overlook a clearly legible postmark showing that a document was processed by a disinterested third party, such as the post office, on or before the date by which the document was required to be mailed is to disregard the best, most competent evidence of the latest date of mailing consistent with the "pro-mailing policy of Rule 373." *Harrisburg-Raleigh Airport Authority v. Department of Revenue*, 126 Ill. 2d 326, 341-42 (1989). We conclude that the clearly legible postmark in this case was sufficient proof of mailing under Rule 373 such that defendant's notice of appeal was properly filed within 30 days of the November 10, 2008, denial of his motion to reconsider.

¶ 15     Furthermore, any other reading of Rule 12(b)(3) would make service by mail an impossibility for *pro se* incarcerated defendants. Rule 12(b)(3) requires a "certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail." Ill. S. Ct. R. 12(b)(3) (eff. Nov. 15, 1992). An inmate can mail nothing himself; he is required to place outgoing mail in the hands of the staff at the institution in which he is incarcerated. See *Lugo*, 391 Ill. App. 3d at 1006 (McLaren, J., dissenting). The staff then forwards the mail to the United States Postal Service. We cannot conclude that our supreme court intended that the Illinois Department of Corrections staff must execute an affidavit pursuant to Rule 12(b)(3) for every legal filing by a *pro se* inmate, nor can we conclude that a defendant must depend on a third party other than the post office to timely deal with the delivery of his mail. We believe that refusing to allow other evidence of mailing is unreasonable when Rule 12(b)(3) makes it virtually impossible for a *pro se* defendant to comply with the rule. We cannot conclude that Rule 12(b)(3) was intended to impose such

a harsh outcome upon individuals who have the mail as their only practical means of communicating with the court system. Our disposition is consistent with allowing proof of mailing by the most competent evidence and advances the pro-mailing policy of Rule 373. Therefore, we conclude that we have jurisdiction over this appeal.

¶ 16 Defendant contends that the trial court erred in dismissing his *pro se* postconviction petition at the first stage of proceedings, arguing that the trial court applied the wrong standard. We disagree.

¶ 17 Defendant claimed in his petition that his trial and appellate counsel were ineffective. After reciting the grounds for postconviction relief that defendant advanced in his petition, the trial court summarily dismissed it, stating as follows:

> "That this Court's analysis is governed by the case of *Strickland v. Washington*, 466 U.S. 668 (1984). In applying the two-prong *Strickland* test to Petitioner's assertions of ineffective assistance of both trial and appellate counsel, this Court is of the opinion that Petitioner has failed to present a gist of a constitutional claim."

The trial court then denied defendant's motion to reconsider.

¶ 18 A postconviction proceeding that does not involve the death penalty consists of three stages. At the first stage, the defendant files a petition and the trial court has 90 days in which it may review the petition without the input of any party and summarily dismiss it if it is frivolous or patently without merit. 725 ILCS 5/122–2.1(a)(2) (West 2008); *People v. Jones*, 211 Ill. 2d 140, 144 (2004). To survive summary dismissal, the petition must present only the gist of a constitutional claim. *Jones*, 211 Ill. 2d at 144. If the petition advances to the second stage, the defendant may be appointed counsel and may amend his petition, and the State may move to dismiss it. 725 ILCS 5/122–4, 122–5 (West 2008); *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). To survive dismissal at the second stage, the petition must make a substantial showing of a constitutional violation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). If the petition advances to the third stage, the trial court conducts an evidentiary hearing. 725 ILCS 5/122–6 (West 2008); *Edwards*, 197 Ill. 2d at 246.

¶ 19 Here, the trial court summarily dismissed defendant's petition, ruling that the petition "failed to present a gist of a constitutional claim," which is the proper standard. However, defendant argues that the *Strickland* test is not the proper test to determine whether he stated the gist of a constitutional claim of ineffective assistance of counsel. According to defendant, the *Strickland* test would govern only whether his claims were ultimately proven. We disagree.

¶ 20 In *People v. Hodges*, 234 Ill. 2d 1, 6-8 (2009), the trial court summarily dismissed the defendant's postconviction petition that had alleged ineffective assistance of counsel. On appeal, our supreme court noted that, to avoid summary dismissal, a petition must present only the gist of a constitutional claim. *Hodges*, 234 Ill. 2d at 9. The court went on to reason that a petition fails to present a gist only when it is frivolous or patently without merit and that it is frivolous or patently without merit only when it "has no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 11-12.

¶ 21 The court then turned to whether the defendant's petition was properly dismissed on that basis, stating:

"In answering this question, we are guided by the standard set forth in *Strickland* \*\*\* for determining whether counsel's assistance was ineffective. To prevail on a claim of ineffective assistance under *Strickland*, a defendant must show both that counsel's performance 'fell below an objective standard of reasonableness' and that the deficient performance prejudiced the defense. [Citation.] At the first stage of postconviction proceedings \*\*\*, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

Thus, contrary to defendant's position, *Strickland* does govern whether a petition states the gist of a claim of ineffective assistance of counsel. Defendant's claim of error is unavailing, and the trial court's judgment must be affirmed.

¶ 22      For these reasons, we affirm the judgment of the circuit court of Winnebago County.

¶ 23      Affirmed.

¶ 24      PRESIDING JUSTICE JORGENSEN, dissenting:

¶ 25      As it is the public dissemination of a judicial decision in open court that marks the entry of an order for purposes of triggering the 30 days in which to file a notice of appeal, I agree with the majority's conclusion that, here, November 10, 2008, was the date upon which the order denying defendant's motion to reconsider was entered. In this regard, I further note that *People v. Ross*, 339 Ill. App. 3d 580 (2003), which appears on its face to adopt an opposite position, does not, in fact, warrant a different conclusion. Unlike the court's November 5, 2008, order here, the trial judge in *Ross* signed the order at issue in open court. See *Ross*, 339 Ill. App. 3d at 582.

¶ 26      Nevertheless, I respectfully dissent from the majority's conclusion that the postmark in this case is sufficient to establish a timely notice of appeal. I write separately to express my disagreement with the majority's interpretation of the relevant supreme court rules and its departure from this court's decision in *People v. Lugo*, 391 Ill. App. 3d 995 (2009). Accordingly, I would conclude that we lack jurisdiction over this appeal.

¶ 27      First, as the majority correctly notes, because the denial of defendant's motion was entered on November 10, 2008, he had until Wednesday, December 10, 2008, to file his notice of appeal. The notice of appeal was not received until December 12, 2008. However, because defendant mailed his notice, the appeal could be considered timely if the notice was effectively mailed by December 10, 2008. Supreme Court Rule 373, which applies to appeals from postconviction proceedings (*Lugo,* 391 Ill. App. 3d at 997), unequivocally provides the procedure in this area (see *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 214 (2009)). Specifically, that rule provides that, if the notice of appeal is received "*after* the due date, *the time of mailing* shall be deemed the time of filing" and that "*[p]roof of mailing* shall be as provided in *Rule 12(b)(3)*." (Emphases added.) Ill. S. Ct. R. 373. Supreme Court Rule 12(b)(3), to which Rule 373 refers, provides *two* methods for proving the time of mailing: (1) a certificate of the attorney; or (2) an affidavit of a person other than

the attorney, who deposited the paper in the mail. Whether the proof is submitted in the form of an attorney's certificate or an affidavit of another person, the rule requires that the proof state the time and place of mailing, the complete address that appeared on the envelope, and the fact that proper postage was prepaid.

¶ 28    Here, defendant did not attach to his notice of appeal an attorney's certificate or an affidavit pursuant to Rule 12(b)(3). Rather, defendant's proof of mailing, which is verified pursuant to section 1–109 of the Code, indicates that he placed the notice of appeal in the mail on December 8, 2010. Instructive in resolving whether that verification is sufficient is *People v. Tlatenchi*, 391 Ill. App. 3d 705 (2009).

¶ 29    In *Tlatenchi*, on February 21, 2006, the defendant pleaded guilty to murder. *Id.* at 707. Thereafter, the defendant moved *pro se* to withdraw her plea. *Id.* at 708. Although the envelope containing the motion was postmarked March 24, 2006, and the clerk file-stamped the motion on March 27, 2006, the proof of mailing attached to the defendant's motion indicated that the defendant placed the motion in the mail on March 15, 2006. *Id.* at 708-09. This proof of mailing was not notarized, but the defendant indicated, pursuant to section 1–109 of the Code, that she believed that the contents of the document were true. *Id.* at 709. The appellate court affirmed the trial court's conclusion that the motion was untimely. The court noted that Rule 12(b)(3) expressly provides that service by mail must be proved by affidavit, and it held that the defendant's proof of mailing could not be construed as an affidavit because it was not " 'sworn to by [her] before some person who has authority under the law to administer oaths.' " *Id.* at 715 (quoting *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 493 (2002)).

¶ 30    Here, as in *Tlatenchi*, defendant's verification pursuant to section 1–109 of the Code is not notarized and is, therefore, not an affidavit. Accordingly, because Rule 12(b)(3) expressly provides that proof of mailing must be made by affidavit, the verification may not serve as a substitute for an affidavit. Consequently, because defendant cannot take advantage of Rule 12(b)(3), his notice of appeal was filed on December 12, 2008, when the trial court file-stamped it, and, therefore, the notice of appeal was untimely.

¶ 31    The majority disputes the import of the aforementioned defects, concluding instead that, because defendant's notice of appeal was *postmarked* by December 10, 2008, it was timely. In my opinion, the majority's conclusion effectively adds to Rule 12(b)(3) its own, *third* method for proving the time of mailing. Permitting this "postmark" alternative here gives short shrift to three important considerations.

¶ 32    First, this court is expected to apply to the case before it the supreme court rules in effect at the time of the events at issue. In doing so, we must remain mindful that the supreme court drafts its rules after much consideration and lengthy deliberation. Rule 12(b)(3) simply does not provide that, if the notice is received after the due date and there is no attached certificate of an attorney or affidavit of another person, the notice is nevertheless timely if a legible postmark reflects that it was mailed prior to the due date. We may not read into the rule an exception that does not exist. *Secura*, 232 Ill. 2d at 217-18 ("appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals"). Second, we do not have the authority to harken back to a past version of Rule

12(b)(3) to justify a result not allowed under the current version of the rule. The majority opines that my reading of the rule (and that of the majority in *Lugo*) is too narrow, because committee comments reflect that Rule 373 was revised in 1981 to address the perceived problem of illegible postmarks, not to compel courts to disregard clear postmarks (*supra* ¶¶ 12-13). However, while the committee comments are enlightening as to why the change occurred, the fact remains that the rule was deliberately changed to disallow a postmark as operative proof of mailing of a notice of appeal. Moreover, the rule as amended did not retain the postmark as an *alternative* method for proving time of mailing. Instead, the amendments removed the postmark option altogether and put in its place the existing rule requiring either an attorney certificate or an affidavit of another person.[1] It is not for this court to second-guess the supreme court's amendments or to express a preference for a prior version that was *abandoned* by the court. Third, I am concerned that the majority's decision, which partially rests on the fact that the postmark here was legible (*supra* ¶¶ 13-14), has rendered an interpretation of the rules that would grant relief to inmates whose mailings bear legible postmarks but would, in otherwise identical circumstances, deny relief to those who had the misfortune of receiving smeared or otherwise illegible postmarks on their mailings. Given the ramifications of an untimely notice of appeal, I disagree that legibility of the postmark is a reasonable distinction.

¶ 33    I note two final points. First, in some instances, courts may apply the harmless-error rule to consider issues that are subject to procedural default. Here, however, defendant's failure to file a timely appeal cannot be considered harmless error: his failure to submit the necessary affidavit is not a "typographical error, misspelling, or other inadvertent mistake" that can be excused. *Secura*, 232 Ill. 2d at 217. Rather, the failure to submit a proper affidavit constitutes a failure to comply with Rule 12(b)(3) itself. *Id.*

¶ 34    Second, I recognize that this position is harsh. Determining that we lack jurisdiction over this appeal forecloses our review of the issue that defendant, an incarcerated litigant, raised in his postconviction petition. See *Lugo*, 391 Ill. App. 3d at 1002 (recognizing hardships that might be placed on incarcerated litigants in regard to attesting to when documents are placed in the mail). However, this decision, like that reached by the majority in *Lugo*, does not hinge on an interpretation of ambiguous terms in the supreme court rules. See *id.* (where this court observed that whether a postmark constitutes sufficient proof of mailing under Rule 373 has nothing to do with whether a defendant's notice of appeal is considered mailed when it is placed in the hands of the prison staff or when it is put in a United States Post Office receptacle). Rather, resolution of whether defendant's proof of mailing satisfies Rule 12(b)(3) is, as noted above, dictated by the express language of the rules that our supreme court has promulgated. Thus, until our supreme court chooses to alter its rules, we are bound to follow them as they currently exist.

¶ 35    For these reasons, I respectfully dissent.

---

[1] In my view, whether this rule is workable for incarcerated defendants is beyond the scope of this appeal. Moreover, I note that the supreme court could have created an exception to the certification or affidavit requirement for incarcerated defendants, but did not.