# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Maiden*, 2013 IL App (2d) 120016

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUAN M. MAIDEN, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0016 |
| Filed | June 18, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An incarcerated defendant's affidavit that he timely placed his notice of appeal in the prison mail was sufficient to comply with the notice requirement and gave the appellate court jurisdiction over his appeal from the trial court's *sua sponte* denial of his petition filed under section 2-1401 of the Code of Civil Procedure, and in the absence of anything in the record showing that the State filed a specific motion to dismiss or any other responsive pleadings or motions before the trial court dismissed defendant's petition, save the State's argument that the trial court could *sua sponte* dismiss the petition, the 30-day period for the State to file a responsive pleading never commenced and the *sua sponte* dismissal was vacated as premature, and the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 97-CF-2369; the Hon. James K. Booras, Judge, presiding. |
| Judgment | Vacated and remanded. |

Counsel on Appeal

Peter A. Carusona and Santiago A. Durango, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael G. Nerheim, State's Attorney, of Waukegan (Lawrence M. Bauer and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice Spence concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant, Juan M. Maiden, appeals the trial court's *sua sponte* dismissal on the merits of his petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)). He contends that under *People v. Prado*, 2012 IL App (2d) 110767, the trial court acted prematurely and that we should vacate the dismissal and remand for further proceedings. The State contends that we lack jurisdiction because defendant failed to show that he timely mailed his notice of appeal. We determine that we have jurisdiction, vacate the dismissal, and remand for further proceedings.

¶ 2                              I. BACKGROUND

¶ 3      In May 1998, defendant was convicted of two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 1994)). On February 9, 1999, he was sentenced to two consecutive 20-year prison terms. Defendant's convictions were affirmed on appeal. *People v. Maiden*, 318 Ill. App. 3d 545 (2001); *People v. Maiden*, No. 2-99-0306 (2000) (unpublished order under Supreme Court Rule 23).

¶ 4      On April 4, 2011, defendant filed a petition for relief from judgment. Defendant included notices indicating that the petition was served on the State's Attorney by regular mail. On May 26, 2011, the State informed the trial court that it never received a copy of the petition. The court, on its own motion, allowed an extension of 30 days for the State to file a responsive pleading or motion.

¶ 5      On June 27, 2011, the State informed the court that it was not going to file anything and told the court that, under *People v. Vincent*, 226 Ill. 2d 1 (2007), the court could rule *sua sponte* on the petition. There was no specific motion to dismiss. On July 15, 2011, the court *sua sponte* dismissed the petition on the merits. Defendant moved for reconsideration and, on November 16, 2011, the court denied the motion.

¶ 6     Defendant filed a notice of appeal, which was file-stamped on December 21, 2011. Defendant included a notarized certificate, which stated that he put his notice in the mail at the prison on December 13, 2011, properly addressed for mailing to the State's Attorney and the clerk of the court through the United States Postal Service. However, he did not state that it included proper prepaid postage. The record does not contain an envelope for the filing.

¶ 7                                    II. ANALYSIS

¶ 8     Defendant contends that the trial court improperly dismissed his petition on the merits *sua sponte*. The State contends that this court lacks jurisdiction because defendant did not properly comply with Illinois Supreme Court Rule 12(b)(3) (eff. Dec. 29, 2009), rendering his appeal untimely. Specifically, the State notes that defendant did not state in his certificate that his notice of appeal was sent with proper prepaid postage.

¶ 9     "A timely filed notice of appeal is necessary to establish this court's jurisdiction." *People v. Lugo*, 391 Ill. App. 3d 995, 997 (2009). Here, because defendant's notice of appeal was received after the deadline, it was timely if defendant satisfied Illinois Supreme Court Rule 373 (eff. Dec. 29, 2009). That rule states:

> "Unless received after the due date, the time of filing records, briefs or other papers required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing *** shall be deemed the time of filing. Proof of mailing *** shall be as provided in Rule 12(b)(3). This rule also applies to the notice of appeal filed in the trial court." Ill. S. Ct. R. 373 (eff. Dec. 29, 2009).

Illinois Supreme Court Rules 12(a) and (b)(3) provide:

> "(a) Filing. When service of a paper is required, proof of service shall be filed with the clerk.
>
> (b) Manner of Proof. Service is proved:
>
>                                    * * *
>
> (3) in case of service by mail ***, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail ***, stating the time and place of mailing ***, the complete address which appeared on the envelope ***, and the fact that proper postage *** was prepaid[.]"

¶ 10    Proof of mailing under Rule 12(b)(3) is required for filing by mail under Rule 373. See *People v. Hansen*, 2011 IL App (2d) 081226, ¶ 11. " 'If there is no proof of mailing on file, there is nothing in the record to establish the date the document was timely mailed to confer jurisdiction on the appellate court.' " *Id.* (quoting *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 216 (2009)).

¶ 11    We have previously discussed the requirements of Rule 12(b)(3) in connection with the question of whether a postmark may provide sufficient proof of mailing in the absence of an affidavit certifying when a notice of appeal was mailed. For example, divided panels of this court have held both that a postmark is not sufficient proof of mailing (*Lugo*, 391 Ill. App. 3d at 1003) and that a postmark is sufficient proof (*Hansen*, 2011 IL App (2d) 081226, ¶ 15).

But we have not addressed a circumstance such as this where an affidavit of mailing is present and all that is missing is a statement that proper postage was affixed to the envelope. The postmark cases, however, provide some guidance.

¶ 12    In *Lugo*, a panel of this court observed that, under the plain language of Rule 373, proof of mailing "shall" be as provided in Rule 12(b)(3). *Lugo*, 391 Ill. App. 3d at 998. Because " '[g]enerally, use of the word "shall" indicates a mandatory obligation unless the statute indicates otherwise,' " the panel held that, under the plain language of Rule 373, proof of mailing *must* comply with Rule 12(b)(3). *Id.* (quoting *People v. Thomas*, 171 Ill. 2d 207, 222 (1996)). The panel also observed that it did not have the authority to excuse the filing requirements of the supreme court rules governing appeals. *Id.* at 1003 (citing *Secura*, 232 Ill. 2d at 218). Thus, the panel determined that a postmark was insufficient proof of mailing because Rule 12(b)(3) requires a certificate or affidavit of mailing and there was not one present in that case. However, the panel also noted that the issue of what constitutes a mailing was not before it and specifically stated that it expressed no opinion on the matter of whether an incarcerated litigant's documents are considered mailed when they are placed in the hands of prison staff or only when they are placed in a United States Post Office receptacle. *Id.* at 1002-03.

¶ 13    In *Hansen*, a panel of this court determined that a postmark is competent evidence of mailing. *Hansen*, 2011 IL App (2d) 081226, ¶ 13. The *Hansen* panel noted that, if there is a legible postmark, it is the most competent evidence of mailing and an affidavit or certificate of mailing is immaterial if the postmark indicates that the filing under the mailbox rule was timely. *Id.* ¶ 14. Although *Hansen* did not address a situation such as the instant case, where the fact of proper postage was not included, it did discuss a policy concern that is applicable, stating:

> "Rule 12(b)(3) requires a 'certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail.' Ill. S. Ct. R. 12(b)(3) (eff. Nov. 15, 1992). An inmate can mail nothing himself; he is required to place outgoing mail in the hands of the staff at the institution in which he is incarcerated. See *Lugo*, 391 Ill. App. 3d at 1006 (McLaren, J., dissenting). The staff then forwards the mail to the United States Postal Service. We cannot conclude that our supreme court intended that the Illinois Department of Corrections staff must execute an affidavit pursuant to Rule 12(b)(3) for every legal filing by a *pro se* inmate, nor can we conclude that a defendant must depend on a third party other than the post office to timely deal with the delivery of his mail." *Id.* ¶ 15.

¶ 14    This view is supported by older case law from the Fourth District, which has allowed a certificate of service in which a prisoner stated that he filed documents by " 'placing the same in the institutional mail at the Menard Correctional Center this 31 [*sic*] day of Dec. 1991, to be processed as per procedure, and delivered to the addressee via United States Mail.' " *People v. Johnson*, 232 Ill. App. 3d 882, 883 (1992). Noting that an incarcerated party cannot control the movement of the document after it is placed in the institutional mail, the court held that the certificate was sufficient to establish the date of mailing. *Id.* at 884; see also *People v. Smith*, 2011 IL App (4th) 100430, ¶ 16 (observing that Rule 12(b)(3) is liberally construed to accommodate incarcerated defendants). Likewise, we have cited

*Johnson* and held that a notarized proof of service was sufficient when it stated that a document was placed in the prison mail on a specific date and an attached affidavit stated that the defendant timely submitted the petition. *People v. Saunders*, 261 Ill. App. 3d 700, 701-02 (1994).

¶ 15    We agree with the positions taken in *Johnson* and *Saunders*. An incarcerated defendant's lack of control over the placement of postage is further evinced by the administrative regulations of the Department of Corrections, which discuss the use of prisoner trust fund accounts to pay for postage. They provide that offenders are permitted to send reasonable amounts of legal mail, even with insufficient funds in their accounts to cover postage, if they provide signed vouchers authorizing deductions of future funds to cover the cost of the postage. 20 Ill. Adm. Code 525.130(a) (2003).

¶ 16    Here, unlike in *Lugo* and *Hansen*, we are not faced with a complete lack of evidence of mailing other than a postmark. Instead, defendant executed a notarized certificate stating that he timely placed the notice of appeal in the prison mail. Although this case would have been made easier had the clerk of the court kept the mailing envelope in the record, and we ask that clerks do so in the future, we find defendant's actions to be sufficient.[1] Defendant did all that he could do, which was to place the mail in the hands of the prison staff, at which point he was dependent on their actions to place it into the United States mail. Defendant could not aver that the prison staff placed proper postage on it after he relinquished it to their control. At best, he could aver only that he timely placed it in the prison mail, which is what he did. Accordingly, we determine that defendant's notarized certificate was sufficient to show timely mailing, and we have jurisdiction over the appeal.

¶ 17    Having determined that there is jurisdiction, the next question is whether the trial court could dismiss the petition *sua sponte* on the merits when the State had not filed an answer. Defendant concedes that the petition was not properly served, because he sent it by regular mail, but he argues that, under *Prado*, the dismissal was premature and the cause must be remanded for further proceedings. The State disagrees, arguing that, unlike in *Prado*, it specifically waived service.

¶ 18    "Section 2-1401 provides a comprehensive civil procedure that allows for the vacatur of a final judgment older than 30 days." *Prado*, 2012 IL App (2d) 110767, ¶ 6. " 'The petition must be filed not later than two years following the entry of judgment, excluding time during which the petitioner is under a legal disability or duress or the ground for relief is fraudulently concealed.' " *Id.* (quoting *People v. Nitz*, 2012 IL App (2d) 091165, ¶ 9). "While the petition must be filed in the same proceeding in which the judgment was entered, it is not a continuation of that proceeding." *Id.*; see 735 ILCS 5/2-1401(b) (West 2010). "The petition must be supported by affidavit or other appropriate showing as to matters not contained in the record." *Nitz*, 2012 IL App (2d) 091165, ¶ 9 (citing 735 ILCS 5/2-1401(b) (West 2008)). "All parties to the petition shall be notified as provided by rule." *Id.* (citing 735 ILCS 5/2-

---

[1]Defendant's "Motion for Court to Take Judicial Notice That All Correspondence from Inmates in the Illinois Department Of Corrections Is Affixed with Proper Prepaid Postage," filed in this court on May 24, 2013, is hereby denied.

1401(b) (West 2008)). "The rule referred to in section 2-1401(b) is Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985), which provides that notice of the filing of a section 2-1401 petition shall be given by the same methods provided in Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989) for giving notice of additional relief to parties in default." *Id.* "Under Rule 105, the notice shall be directed to the party and must be served either by summons, by prepaid certified or registered mail, or by publication." *Prado*, 2012 IL App (2d) 110767, ¶ 6 (citing Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989)). "The notice must state that a judgment by default may be taken against the party unless he files an answer or otherwise files an appearance within 30 days after service." *Nitz*, 2012 IL App (2d) 091165, ¶ 9 (citing Ill. S. Ct. R. 105 (eff. Jan. 1, 1989)). "[B]ecause the trial court dismissed the petition based on the pleading alone, our review is *de novo*." *Id.*

¶ 19    In *People v. Vincent*, 226 Ill. 2d 1, 11-19 (2007), our supreme court held that a trial court may properly dismiss a section 2-1401 petition on the merits *sua sponte* and without notice or an opportunity to be heard. The supreme court noted that such a ruling may properly be characterized as either a grant of judgment on the pleadings in favor of the State or a dismissal of the petition with prejudice for failure to state a cause of action. *Id.* at 12. The court further observed that, in the case of such a ruling, the defendant's opportunity to be heard has not been compromised. The defendant had access to the courts, as his petition was filed and considered by the judge. *Id.* at 13. Further, the defendant is not deprived of the ability to bring a meritorious claim, because adequate procedural safeguards exist to remedy erroneous *sua sponte* dismissals. *Id.* For example, the defendant may file a motion for reconsideration or bring an appeal with a *de novo* review of the merits. *Id.* However, when the trial court dismisses an improperly served petition before the State has filed an answer, *Nitz* and *Prado* come into play.

¶ 20    In *Nitz*, the defendant's proof of service showed that he mailed his section 2-1401 petition to the circuit clerk for filing, but there was no proof of service on the State. *Nitz*, 2012 IL App (2d) 091156, ¶ 5. The trial court *sua sponte* dismissed the petition on the merits. *Id.* ¶ 6. A panel of this court reasoned that the dismissal was proper, because a failure to give notice results in a deficient pleading. *Id.* ¶ 13. However, dismissal on the merits was premature, because the 30 days for the State to answer had not yet commenced. *Id.* ¶ 12. The panel then determined that a remand for further proceedings would be meaningless, reasoning that no further proceedings would occur, because the State would never answer or move to dismiss and the court would be unable to take action while the case remained on its docket permanently. *Id.* Thus, the panel concluded that the appropriate action was to dismiss without prejudice for a deficiency in complying with section 2-1401. *Id.* ¶ 13. Accordingly, it affirmed the dismissal, but modified the order to reflect that the dismissal was without prejudice. *Id.*

¶ 21    In *Prado*, we agreed with *Nitz* that a dismissal on the merits when there was improper service was premature, but disagreed that a dismissal without prejudice was the proper disposition. Instead, we agreed with a recent Fourth District opinion, which noted that remanding for further proceedings would not be meaningless or result in the case being permanently set on the trial court's docket. *Powell v. Lewellyn*, 2012 IL App (4th) 110168, ¶ 14. In particular, we noted that, "[c]ontrary to the determination in *Nitz*, if defendant wishes

to have his case heard, he can promptly serve the State." *Prado*, 2012 IL App (2d) 110767, ¶ 9. "Otherwise, the trial court has the power to dismiss the case for want of prosecution, after a reasonable period of time." *Id.* "Further, the action may be dismissed under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) if defendant fails to exercise reasonable diligence in serving the State." *Id.* "In any event, an immediate, *sua sponte* dismissal, even without prejudice, is premature." *Id.* Thus, we held that the appropriate disposition is to vacate and remand for further proceedings. *Id.* We specifically noted that "[s]hould the State wish to make the disposition of cases such as this one more efficient, the best course would be to waive an objection to the defective service. The action could then proceed normally through an adjudication on the merits." *Id.* ¶ 12.

¶ 22    Here, the State specifically told the court that it did not intend to file anything. If the State's action was a waiver of an objection to the improper service, then, under *Vincent*, the court could dismiss the petition on the merits. However, the State did not state that it was waiving service, appearing, and refusing to answer or otherwise plead. The intention "not to file anything" when one is not required to file anything (because it has not been properly served) is not sufficient.

¶ 23    Before 2000, a defendant seeking to contest the exercise of personal jurisdiction in the trial court was required to file a special appearance under section 2-301(a) of the Code, which at that time provided: "Prior to filing any other pleading or motion, a special appearance may be made *** for the purpose of objecting to the jurisdiction of the court over the person of the defendant. *** Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance." 735 ILCS 5/2-301(a) (West 1998).

¶ 24    At that time, it was well established that " 'any action taken by the litigant which recognizes the case as in court will amount to a general appearance unless such action was for the sole purpose of objecting to the jurisdiction.' " *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 594 (2006) (quoting *Lord v. Hubert*, 12 Ill. 2d 83, 87 (1957)). "A general appearance was held to waive all objections to personal jurisdiction and subject the party to the authority of the court." *Id.* However, the general appearance was eliminated in 2000 when section 2-301 was amended. See *id.* at 595.

¶ 25    Section 2-301 was amended effective January 1, 2000 (see Pub. Act 91-145 (eff. Jan. 1, 2000)) and provides in part:

"(a) Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person, either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process. Such a motion may be made singly or included with others in a combined motion, but the parts of a combined motion must be identified in the manner described in Section 2-619.1. ***

(a-5) If the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a

motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/2-301(a), (a-5) (West 2010).

¶ 26        Section 2-301 now contains an explicit waiver provision that is narrower than the prior rule that waiver occurred if a party made a general appearance. "By its terms, the statute now provides for waiver of an objection based on personal jurisdiction only if the party files a responsive pleading or a motion (other than one seeking an extension of time to answer or otherwise appear) before filing a motion asserting the jurisdictional objection." (Internal quotation marks omitted.) *OneWest Bank, FSB v. Topor*, 2013 IL App (1st) 120010, ¶ 11. Notably, there is no provision that a general appearance results in waiver. *Id.*

¶ 27        Here, there were no responsive pleadings or motions filed. The State made no specific motion to dismiss. Instead, the State argued that the trial court could *sua sponte* dismiss the action under *Vincent*, an action that by its nature does not involve a motion to dismiss by the State. The trial court then later did so. The State attempts to characterize its statements to the trial court as a motion to dismiss, but the record shows nothing more than what might have been viewed as a general appearance under the older version of the Code. Absent a specific motion, responsive pleading, or explicit statement of a waiver of improper service and an affirmative statement that no motion or responsive pleading would be filed, the State did not waive an objection to the improper service and was not yet in default for failing to answer or otherwise plead. As a result, the 30 days for the State to file a responsive pleading never commenced, and the trial court acted prematurely when it dismissed the petition *sua sponte*. Accordingly, under *Prado*, we vacate the dismissal and remand for further proceedings.

¶ 28                                    III. CONCLUSION

¶ 29        We have jurisdiction over the appeal and determine that the trial court's *sua sponte* dismissal of the petition was premature. Accordingly, we vacate the judgment of the circuit court of Lake County and remand for further proceedings.

¶ 30        Vacated and remanded.