NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220371-U

NO. 4-22-0371

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 26, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| WILLIE JAMES HARRISON, | ) | No. 09CF791 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Joseph G. McGraw, |
| | ) | Judge Presiding. |

_____

JUSTICE LANNERD delivered the judgment of the court.
Justices Cavanagh and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted the Office of the State Appellate Defender's motion to
withdraw and affirmed the trial court's dismissal of defendant's *pro se* motion to
reduce sentence.

¶ 2    Following a bench trial, defendant, Willie James Harrison, was found guilty of first

degree murder (720 ILCS 5/9-l(a)(2) (West 2008)) and sentenced to 40 years in prison.

Approximately nine and a half years later, defendant filed a *pro se* motion for a reduction in his

sentence. The trial court dismissed this motion for lack of jurisdiction and did not address the

merits. Defendant appeals from that dismissal. This court appointed the Office of the State

Appellate Defender (OSAD) to represent defendant on appeal. OSAD moves to withdraw on the

basis any argument the trial court erred in dismissing defendant's motion would be without merit.

For the reasons that follow, we grant OSAD's motion and affirm.

¶ 3    I. BACKGROUND

¶ 4        A grand jury indicted defendant on four counts of murder for the death of his roommate following a March 2009 altercation in their residence. Defendant was indicted on one count of first degree murder intending to kill (720 ILCS 5/9-l(a)(l) (West 2008)), one count of first degree murder intending to do great bodily harm (*id.*), one count of first degree murder knowing the act created a strong probability of death (*id.* § 9-l(a)(2)), and one count of first degree murder knowing the act created a strong probability of great bodily harm (*id.*). Following a bench trial, the trial court found defendant guilty of one count of first degree murder (*id.*) and sentenced him to 40 years' imprisonment.

¶ 5        Defendant appealed, arguing the trial court abused its discretion in sentencing him, and the appellate court affirmed. *People v. Harrison*, 2014 IL App (2d) 120827-U, ¶ 37 (finding "the trial court properly exercised its judgment in sentencing defendant to 40 years' imprisonment").

¶ 6        While his direct appeal was pending, defendant filed his first postconviction petition, which the trial court dismissed. Defendant did not appeal that dismissal. Thereafter, the court denied defendant leave to file two successive postconviction petitions. Defendant appealed those two denials, and OSAD was appointed as appellate counsel in both appeals. In both appeals, the appellate court granted OSAD's motion to withdraw and affirmed the trial court's denial of leave to file the successive postconviction petition. *People v. Harrison*, No. 2-13-0349 (2014) (unpublished summary order under Illinois Supreme Court Rule 23(c)); *People v. Harrison*, No. 2-17-0610 (2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 7        Relevant to this appeal, on January 24, 2022, approximately nine and a half years after his sentencing, defendant filed a *pro se* "Motion for resentencing under Bill 2129 (SB 2129)" in the trial court. The sole substantive assertion of that motion is "Sentencing Judges may at their

discretion resentence an incarcerated person to a lesser sentence under SB 2129." (SB 129 (102d Ill. General Assem., Senate Bill 2129, 2021 Sess.) became Public Act 102-102 (Pub. Act 102-102 (eff. Jan. 1, 2022) (adding 725 ILCS 5/123) and was renumbered in May 2023 as 725 ILCS 5/122-9.)

¶ 8　　　　During the hearing on defendant's motion, the State argued both (i) the trial court lacked jurisdiction over the case at that point and (ii) because the statute expressly confers the right to file this type of motion to the local state's attorney's office only, defendant did not have standing to file such a motion on his own behalf. The court held it lacked jurisdiction to entertain defendant's motion, effectively dismissing it.

¶ 9　　　　Defendant appeals from that dismissal. This court appointed OSAD to represent defendant on appeal. OSAD now moves to withdraw on the basis any argument the trial court erred in dismissing defendant's motion would be without merit.

¶ 10　　　　　　　　　　　　　　II. ANALYSIS

¶ 11　　　　"A timely filed notice of appeal is both jurisdictional and mandatory." *People v. Hansen*, 2011 IL App (2d) 081226, ¶ 6, 952 N.E.2d 82. Here, the final judgment appealed from, namely the trial court's dismissal of defendant's *pro se* motion for a reduction in his sentence, was entered on April 21, 2022. On April 29, 2022, he filed a *pro se* notice of appeal with the clerk of the circuit court of Winnebago County. Defendant's notice of appeal was timely under Illinois Supreme Court Rule 606(b) (eff. Mar. 12, 2021).

¶ 12　　　　Counsel for OSAD asserts he (1) read the record on appeal, (2) reviewed the facts and applicable law, and (3) discussed the case with another attorney. OSAD concludes an appeal in this case would be without arguable merit. Specifically, OSAD argues even if the trial court had jurisdiction to substantively consider defendant's motion, defendant did not have standing to file

this particular motion on his own behalf. According to OSAD, there is "no nonfrivolous argument" that can be made on appeal. We granted defendant leave to file additional points and authorities, and he has responded. For the reasons that follow, we agree this appeal presents no meritorious claims, grant OSAD's motion to withdraw, and affirm the judgment of the trial court.

¶ 13 At the hearing on defendant's motion, the State argued both the trial court lacked jurisdiction and a defendant does not have standing to file a motion for reduction of sentence pursuant to section 122-9 of the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-9 (West 2022). OSAD notes on appeal that even if the court had jurisdiction to take up defendant's motion, section 122-9 "is very clear" defendant lacks statutory standing to petition for such relief. It is well-established that "we review the trial court's judgment, *not its reasoning*, and we may sustain the judgment on any basis in the record." (Emphasis added.) *People v. Brown*, 2022 IL App (4th) 220171, ¶ 9; see *In re Estate of Funk*, 221 Ill. 2d 30, 86, 849 N.E.2d 366, 397 (2006) ("A reviewing court may sustain the decision of a lower court on any grounds which are called for by the record regardless of whether the lower court relied on the grounds and regardless of whether that court's reasoning was correct."). Thus, we need only consider the standing issue in the context of defendant's section 122-9 motion to resolve defendant's appeal.

¶ 14 In order to resolve the standing claim, we must interpret section 122-9 of the Act. The primary goal of statutory interpretation is to give effect to the intent of legislature. *People v. Hunter*, 2013 IL 114100, ¶ 13, 986 N.E.2d 1185. "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Id.* "We may not, under the guise of statutory interpretation, supply omissions, remedy defects, annex new provisions, substitute different provisions, exceptions, limitations or conditions, or otherwise change the law so as to depart from the language employed [by the legislature]." (Internal quotation marks

omitted.) *People v. Lewis*, 361 Ill. App. 3d 1006, 1013, 838 N.E.2d 996, 1002 (2005). Matters of statutory interpretation are questions of law subject to *de novo* review. *People v. Davison*, 233 Ill. 2d 30, 40, 906 N.E.2d 545, 551 (2009).

¶ 15 Section 122-9, entitled "Motion to resentence by the People," provides, in relevant part, the following:

"(a) The purpose of sentencing is to advance public safety through punishment, rehabilitation, and restorative justice. By providing a means to reevaluate a sentence after some time has passed, *the General Assembly intends to provide the State's Attorney* and the court with another tool to ensure that these purposes are achieved.

(b) At any time *upon the recommendation of the State's Attorney* of the county in which the defendant was sentenced, *the State's Attorney may petition* the sentencing court or the sentencing court's successor to resentence the offender if the original sentence no longer advances the interests of justice. The sentencing court or the sentencing court's successor may resentence the offender if it finds that the original sentence no longer advances the interests of justice." (Emphases added.) 725 ILCS 5/122-9(a), (b) (West 2022).

¶ 16 Section 122-9(b) plainly provides the state's attorney alone with the authority to file a motion to resentence. It confers no such authority on a defendant. As our supreme court has explained, "[t]here is common-law standing, which requires an injury in fact to a legally recognized interest [citation], and there is statutory standing, which requires the fulfillment of statutory conditions to sue for legislatively created relief. [Citation.]" *People v. Johnson*, 2021 IL 125738, ¶ 31, 182 N.E.3d 728. "Proceedings instituted under the Act implicate statutory standing

principles." *Id.* ¶ 32. By virtue of the plain language of section 122-9(b), which confers on the state's attorney alone the ability to file a motion thereunder, a defendant cannot satisfy the statutory conditions to pursue this legislatively created relief and, thus, is without the necessary statutory standing to do so. As defendant clearly lacked statutory authority to file a section 122-9 motion for resentencing on his own behalf, we agree with OSAD that any argument on appeal to the contrary would be without merit.

¶ 17                                    III. CONCLUSION

¶ 18            For the reasons stated, we grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment.

¶ 19            Affirmed.