2015 IL App (1st) 133123
No. 1-13-3123
Opinion filed December 31, 2015

FIFTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | 04 CR 12109; 05 CR 10998; 05 CR 01458 (02) |
| VERNON JONES, | ) ) | The Honorable |
| Defendant-Appellant. | ) ) ) | Mary Colleen Roberts, Judge, presiding. |

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice Reyes and Justice Palmer concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Vernon Jones pled guilty on February 15, 2005, to possession of heroin in cases Nos. 04 CR 12109 and 05 CR 1458 and was sentenced to concurrent 24-month terms of probation. Later that year, on July 25, 2005,

defendant pled guilty to possession of heroin in a third case, No. 05 CR 10998. His probation in the prior two cases was terminated unsatisfactorily, and he was sentenced to three years with the Illinois Department of Corrections. Defendant did not file a postplea motion or a direct appeal in any of the three cases.

¶ 2    In a subsequent section 2-1401 petition, defendant sought relief from his judgment of conviction, alleging both ineffective assistance of counsel and the failure of the trial court to admonish him about the collateral consequences of his plea. See 735 ILCS 5/2-1401 (West 2012). It is this petition which is at issue on this appeal. More than 30 days after the 2-1401 petition was filed in court, the trial court dismissed it *sua sponte*, on the grounds that it was untimely and that defendant's claims also failed on the merits.

¶ 3    On this appeal, defendant raises no issues concerning the substance of the trial court's order. Instead, defendant argues that the trial court erred by dismissing his section 2-1401 petition, because it was not properly served on the State and because the State had not waived proper notice. Defendant asks this court either to remand for further proceedings or, in the alternative, to modify the trial court's judgment so that its dismissal is without prejudice.

¶ 4    Recently our supreme court issued an opinion in *People v. Carter*, 2015 IL 117709, which held that a defendant, who asserted his own improper service, has the burden of proving that the service was, in fact, improper. *Carter*, 2015

IL 117709, ¶¶ 18-19. The *Carter* court also specified what was needed in the record in order to satisfy this burden. *Carter*, 2015 IL 117709, ¶ 20. The supreme court held: "To serve as a basis for defendant's contention of error, [his] statement must affirmatively establish that defendant mailed his petition via some other means other than certified or registered mail." *Carter*, 2015 IL 117709, ¶ 20. The court held that a statement, which states that he placed the petition in the institutional mailbox for mailing by United States mail, is insufficient. *Carter*, 2015 IL 117709, ¶ 20. In the case at bar, defendant failed to satisfy the burden described in *Carter*, and thus we must affirm for the reasons explained below.

¶ 5                                BACKGROUND

¶ 6        Defendant's section 2-1401 petition included both a motion to proceed *in forma pauperis* and a motion to vacate sentence.[1] The notice of motion, which accompanied the petition, had both a "received" stamp and a "filed" stamp by the circuit court clerk's office. The "received" stamp is dated May 7, 2013, and the "filed" stamp is dated May 20, 2013.

¶ 7        The record contains two documents entitled "Certificate of Service": one accompanies the motion to proceed *in forma pauperis* and the other

---

[1]It is unclear from the petition whether defendant also seeks to vacate his guilty plea.

accompanies the motion to vacate sentence. However, they are both dated May 2, 2013, and they both contain almost exactly the same language. In the "Certificate of Service" attached to the motion to vacate, defendant stated:

> "I, Vernon Jones hereby state and affirm under the penalties of perjury prescribed pursuant to Title 28 U.S.C. § 1746 that I mailed a true and correct copy of the foregoing document to *** [the circuit court clerk's office and the] Office of the Prosecuting Attorney, 2650 South California, Chicago, Illinois 60608 by placing said document in the institutional mail box prepaid at the Federal Correction Institute located at Post Office Box 33 Terre Haute, Indiana 47808 in accordance with *Houston v. Lack*, 101 L.Ed. 2d 243 (1988),[2] which such mail is deemed filed with the circuit court when said mail is handed to prison officials for forwarding to the court."

The document was signed by defendant, with an address indicating that he was in the federal prison in Terre Haute, Indiana. Defendant's brief to this court also

---

[2]This citation is a reference to *Houston v. Lack*, 487 U.S. 266, 268 (1988), which held: "*Pro se* prisoners can file notices of appeal to the federal courts of appeals only by delivering them to prison authorities for forwarding to the appropriate district court." See also Ill. S. Ct. R. 12(b)(4) (eff. Sept. 19, 2014) ("in case of service by mail by a *pro se* petitioner from a correctional institution," proof of service shall be filed with the clerk "by affidavit, or by certification *** of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered").

states that he was in federal custody in the federal prison in Terre Haute, Indiana.

¶ 8     The appellate record contains three different half-sheets.[3] The record contains separate sets of half-sheets for case No. 04 CR 12109 and case no. 05 CR 01458, which were the two cases to which defendant pled guilty on February 15, 2005, and also a set for case No. 05 CR 10998, which was the case to which defendant subsequently pled guilty on July 25, 2005.

¶ 9     The first entry for the petition on all three half-sheets is dated May 20, 2013. The entries do not identify the petition as a section 2-1401 petition, as opposed to a postconviction petition. The petition is described as "Motion Proceed in forma pauperis & vacate sentence." All three half-sheets indicate status dates were held on May 28, 2013, June 28, 2013, July 19, 2013, and August 2, 2013, with the dismissal on August 23, 2013.

¶ 10     The transcript for August 23, 2013, does not indicate that the State, defendant or a defense counsel were present. The trial judge stated:

> "This Court has drafted an order, and based upon the analysis
>
> contained therein and the discussion, the Court finds that the Petitioner

---

[3] A half-sheet is a sheet on which the clerk's office enters chronological notations indicating the procedural events of a case.

has failed to show cause for relief under Section 2-1401.  Accordingly, the Petition for Relief from Judgment is hereby dismissed.

That order is signed and entered.

And one of these can go to Mr. Vernon Jones, copy to Petitioner."

¶ 11    On October 17, 2013, the appellate court granted defendant's motion to file a late notice of appeal and to proceed *in forma pauperis*, and ordered the Office of the State Appellate Defender appointed to represent defendant on appeal.  On November 1, 2013, the trial court entered an order appointing the Office of the State Appellate Defender, permitting a free record on appeal and directing the clerk of the circuit court to prepare the record on appeal.

¶ 12                                    ANALYSIS

¶ 13    On this appeal, defendant raises no issues concerning the substance of the trial court's order.  Instead, defendant argues that the trial court erred by dismissing defendant's section 2-1401 petition since it was not properly served on the State and since the State did not waive proper service; and he asks this court either to remand for further proceedings or, in the alternative, to modify the trial court's judgment so that its dismissal is without prejudice.

¶ 14    There is a dispute in the appellate court about whether actual notice of a 2-1401 petition plus the subsequent lapse of 30 days is sufficient to deem that the State waived its right to proper service of process or whether the State must

formally waive that right. Compare *People v. Ocon*, 2014 IL App (1st) 120912 (holding that actual notice of the filing of a section 2-1401 petition is sufficient) with *People v. Maiden*, 2013 IL App (2d) 120016 (holding that actual notice is not sufficient). However, this dispute does not have to be resolved in order to decide this case, as we explain below.

¶ 15       For the reasons discussed below, we affirm.

¶ 16                          I. Standard of Review

¶ 17       We review the dismissal of a section 2-1401 petition *de novo*. *Carter*, 2015 IL 117709, ¶ 13; *People v. Laugharn*, 233 Ill. 2d 318, 322 (2009) (citing *People v. Vincent*, 226 Ill. 2d 1, 18 (2007)). *De novo* consideration means that we perform the same analysis that a trial judge would perform. *Arient v. Shaik*, 2015 IL App (1st) 133969, ¶ 18.

¶ 18       Section 2-1401 permits relief from final judgment, which are older than 30 days but were entered less than 2 years ago. 735 ILCS 5/2-1401(a), (c) (West 2012); *Laugharn*, 233 Ill. 2d at 322. "To obtain relief under section 2-1401, the defendant 'must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief.' " *People v. Pinkonsly*, 207 Ill. 2d 555, 565 (2003)

(quoting *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986)). "[A]n action brought under section 2-1401 is a civil proceeding and, according to this court's longstanding precedent, is subject to the usual rules of civil practice, even when it is used to challenge a criminal conviction or sentence." *Vincent*, 226 Ill. 2d at 6.

¶ 19    When reviewing a trial court's dismissal of a section 2-1401 petition, this court may affirm "on any basis we find in the record." *People v. Nitz*, 2012 IL App (2d) 091165, ¶ 13.

¶ 20                    II. The *Laugharn* Decision

¶ 21    Defendant argues that the trial court's *sua sponte* dismissal was premature pursuant to our supreme court's decision in *Laugharn*.

¶ 22    In *Laugharn*, our supreme court held that a trial court may dismiss a section 2-1401 petition *sua sponte*, so long as the dismissal occurs after the 30-day period of time in which the State has to respond. *Laugharn*, 233 Ill. 2d at 323. Rule 105(a) allows for a 30-day response period, stating: "a judgment by default may be taken against [the State] for the new or additional relief unless [the State] files an answer or otherwise files an appearance in the office of the clerk of the court within 30 days after service." Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989); *Laugharn*, 233 Ill. 2d at 323. "[T]he State's failure to answer the petition within the time allotted for doing so result[s] in 'an admission of all well-

pleaded facts,' which render[s] the petition 'ripe for adjudication.' " *Laugharn*, 233 Ill. 2d at 323 (quoting *Vincent*, 226 Ill. 2d at 10).

¶ 23　　　　Thus, the supreme court in *Vincent* had affirmed the *sua sponte* dismissal in *Vincent* which occurred after the expiration of the State's 30-day response period, but it vacated the *sua sponte* dismissal in *Laugharn* which occurred only 7 days after the petition was filed. *Laugharn*, 233 Ill. 2d at 323 (citing and quoting *Vincent*, 226 Ill. 2d at 5, 10). Our supreme court held in *Laugharn*: "The circuit court's *sua sponte* dismissal of defendant's petition before the conclusion of the usual 30-day period to answer or otherwise plead was premature and requires *vacatur* of the dismissal order." *Laugharn*, 233 Ill. 2d at 323.

¶ 24　　　　In *Laugharn*, the supreme court permitted the defendant to challenge the dismissal of her petition on the ground that the *State's* time to respond had not yet run. *Laugharn*, 233 Ill. 2d at 323. The defendant was allowed to argue that the trial court's *sua sponte* dismissal after only seven days "deprived the State of the time it was entitled to answer or otherwise plead." *Laugharn*, 233 Ill. 2d at 323. Thus, the defendant was allowed to raise the State's right to a full 30 days to respond; and our supreme court reversed on that basis. *Laugharn*, 233 Ill. 2d at 323.

¶ 25                                III. The Parties' Arguments

¶ 26         In the case at bar, the trial court dismissed the petition *sua sponte* more than 30 days after it was filed in court. *Laugharn*, 233 Ill. 2d at 323. However, defendant argues that the dismissal was premature because he served the State improperly and thus the 30-day period never began to run. In the alternative, he argues that the record does not establish that the State had actual notice. Defendant argues that a section 2-1401 petition was never explicitly mentioned or discussed in court; and the State, in its brief to this court, does not dispute this assertion. Thus, defendant claims that the trial court's *sua sponte* dismissal was "premature," pursuant to our supreme court's decision in *Laugharn*.

¶ 27         In response, the State argues that the record shows that the State had actual notice of a section 2-1401 petition. The State asks us to infer that the State must have had notice from the facts that status dates were held and that ASAs were present at two of them. In addition, the State asks us to infer that the State waived any objection to the lack of proper service, from the fact that the State did not respond or otherwise answer the petition during this time. However, as we noted above, there is a split in the appellate courts on the issue of whether actual notice is sufficient to find that the State waived proper service, with *People v. Ocon*, 2014 IL App (1st) 120912, holding that actual notice is sufficient to find that the State waived proper service, and *People v.*

*Maiden*, 2013 IL App (2d) 120016, holding that actual notice is not sufficient to find waiver by the State and that a formal waiver is required.

¶ 28                    II. The Rules Governing Proper Service

¶ 29        However, a threshold question is whether the State was properly served.

¶ 30        Section 2-1401(b) provides that:  "All parties to the petition shall be notified as provided by rule."  735 ILCS 5/2-1401(b) (West 2012); *Laugharn*, 233 Ill. 2d at 323 ("Section 2-1401 requires that notice be given as provided by rule.").  Illinois Supreme Court Rule 106 provides that "[n]otice of the filing of a petition under section 2-1401 *** shall be given by the same methods provided in Rule 105 for the giving of notice."  Ill. S. Ct. R. 106 (eff. Aug. 1, 1985); *Carter*, 2015 IL 117709, ¶ 14 ("Illinois Supreme Court Rule 106 governs the methods of notice to be used for petitions filed pursuant to section 2-1401 ***."); *Laugharn*, 233 Ill. 2d at 323 ("Rule 106 governs the methods of notice to be used for petitions filed pursuant to section 2-1401").

¶ 31        Supreme Court Rule 105(b) provides for several methods of service. including "prepaid certified or registered mail addressed to the party, return receipt requested."  Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989); *Carter*, 2015 IL 117709, ¶ 14. "Once notice has been served, the responding party has 30 days to file an answer or otherwise appear." *Carter*, 2015 IL 117709, ¶ 14 (citing Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989)).  Defendant argues, and the State does not

dispute, that the method utilized by defendant was simply prepaid United States mail, which was not certified or registered. Defendant argues that, since he did not send his petition by certified or registered mail, the State did not receive proper service, and the 30 days never began to run, and thus the trial court's *sua sponte* dismissal was premature.

¶ 32     Rule 105(b) provides that we may consider any "competent proofs in determining whether service has been properly made."  Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989).  In the case at bar, the proof consists of defendant's certificate of service.

¶ 33     In *Carter*, as in the case at bar, the parties assumed that the defendant had mailed his petition by regular United States mail. *Carter*, 2015 IL 117709, ¶ 20. Although neither party argued the point, the *Carter* court still found that defendant failed to satisfy his burden of proving his claim of insufficient service and affirmed the circuit court's dismissal on that basis. *Carter*, 2015 IL 117709, ¶¶ 19-20.  We do the same here.  As this court has observed on many occasions, the appellate court may affirm the trial court on any basis that appears in the record.  *E.g.*, *Ruch v. Padgett*, 2015 IL App (1st) 142972, ¶ 40; *People v. Olsson*, 2015 IL App (2d) 140955, ¶ 17 ("We review the trial court's judgment rather than its reasoning, and we may affirm on any basis supported by the record.").

¶ 34    In *Carter*, as in our case, the defendant attached a certificate of service to his petition which alleged that he had placed it in the institutional mail at the correctional center where he was housed. *Carter*, 2015 IL 117709, ¶ 5. In *Carter*, as in our case, there was no dispute that the defendant had properly addressed the parties listed for mailing through the United States Postal Service. *Carter*, 2015 IL 117709, ¶ 7.

¶ 35    In *Carter*, our supreme court held:

> "What scant record there is consists of a statement in the proof of service defendant attached to his petition:  'I have placed the documents listed below in the institutional mail at Menard Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service.' To serve as a basis for defendant's contention of error, that statement must affirmatively establish that defendant mailed his petition via some means other than certified or registered mail. However, all it establishes is *where* defendant mailed his petition–'the institutional mail—and the medium through which it was to be transmitted:  'the United States Postal Service.' " (Emphasis in original.) *Carter*, 2015 IL 117709, ¶ 20

The supreme court then held that an assumption of improper service "is unwarranted on this record." *Carter*, 2015 IL 117709, ¶ 20.

¶ 36 Similarly, in the case at bar, an assumption of improper service is unwarranted on this record. The certificate in *Carter*, described above, is almost identical to the certificate in the case at bar. Like the certificate in *Carter*, the certificate in the case at bar stated only "*where*" he had mailed his petition, namely, the institutional mail box of his correctional center. (Emphasis in original.) *Carter*, 2015 IL 117709, ¶ 20. The certificate in the case at bar actually contains less information than the certificate in *Carter* because the certificate in the case at bar does not allege "the medium through which it was to be transmitted," namely, the United States Postal Service. *Carter*, 2015 IL 117709, ¶ 20. Thus, for the same reasons stated by our supreme court in *Carter*, we must find that defendant has failed to satisfy his burden to present a sufficient record showing that his means of service was, in fact, improper; and we must affirm the dismissal of his section 2-1401 petition.

¶ 37 Although *Carter* was decided after this appeal was fully briefed and argued, we see no need for further argument. In *Carter*, our supreme court held: "[A]ny section 2-1401 petitioner who seeks to use, on appeal, his [or her] own error, by way of allegedly defective service, in an effort to gain reversal of a circuit court's *sua sponte* dismissal of his or her petition on the merits, must affirmatively demonstrate the error via proceedings of record in the circuit court." *Carter*, 2015 IL 117709, ¶ 25. Further argument in this court cannot

effect the "proceedings of record in the circuit court," which have already concluded. *Carter*, 2015 IL 117709, ¶ 25.

¶ 38    Our supreme court observed about the record before it in *Carter* "that the record in this case is inadequate to demonstrate that inmates in correctional facilities lack the means to comply with the service requirements of Rule 105(b)." *Carter*, 2015 IL 117709, ¶ 20 n.1. The same is true of the record here. Thus, there is no need for further proceedings on this 2-1401 petition.

¶ 39    In *Carter*, defendant argued that the State had conceded that there was improper service. *Carter*, 2015 IL 117709, ¶ 21. The supreme court replied to this argument, holding: "Irrespective of the parties' arguments, the record is what it is, and, in our view, it is insufficient to demonstrate the service deficiency that defendant must establish in order to advance his argument. As far as any arguable concession is concerned, it is well established that we, as a court of review, are not bound by a party's concession." *Carter*, 2015 IL 117709, ¶ 22 (citing *Beachum v. Walker*, 231 Ill. 2d 51, 60-61 (2008)). For the same reasons stated by the supreme court in *Carter*, any arguable concession by the State in this case does not change the outcome here.

¶ 40    The *Carter* court also held that, although a regular return receipt for certified mail is "sufficient proof of service by certified mail [citation] *the absence* of such a receipt in the record does not affirmatively establish that

service by certified mail was *not* accomplished." (Emphasis in original.) *Carter*, 2015 IL 117709, ¶ 23. Similarly, in the case at bar, we cannot assume that the absence of a certified mail receipt establishes a failure to serve by certified mail.

¶ 41    The *Carter* court held: "any section 2-1401 petitioner who seeks to use, on appeal, his own error, by way of allegedly defective service, in an effort to gain reversal of a circuit court's *sua sponte* dismissal of his or her petition on the merits, must affirmatively demonstrate the error via proceedings of record in the circuit court." *Carter*, 2015 IL 117709, ¶ 25. As in *Carter*, that was not done in the proceedings of record in the circuit court, and thus "we must presume the circuit court's order was rendered in accordance with the applicable law." *Carter*, 2015 IL 117709, ¶ 24.

¶ 42                            CONCLUSION

¶ 43    For the foregoing reasons and in light of our supreme court's recent decision in *Carter*, 2015 IL 117709, we affirm the dismissal by the trial court of defendant's section 2-1401 petition.

¶ 44    Affirmed.