2024 IL App (2d) 210393-UB
No. 2-21-0393
Order filed November 26, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 10-CF-3014 |
| CARLOS PORCAYO-BAHENA, | ) ) ) | Honorable Daniel B. Shanes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Justice Birkett concurred in the judgment.
Justice Kennedy dissented

**ORDER**

¶ 1   *Held*:   Trial and appellate counsel were not ineffective for failing to challenge trial court's ruling that witness could invoke her privilege against self-incrimination; postconviction counsel was presumed to have made a reasonable effort to obtain evidence supporting the amended postconviction petition.

¶ 2   We confront this appeal for a second time. In our initial decision, we affirmed the dismissal of defendant's postconviction petition at the second stage of proceedings. After our original disposition was entered, the supreme court denied defendant's petition for leave to appeal and

issued a supervisory order directing us to reconsider in light of its decision in *People v. Urzua*, 2023 IL 12789. *People v. Porcayo-Bahena*, No. 129892 (2023) (supervisory order). We directed the parties to submit supplemental briefing that addressed both *Urzua* and *People v. Agee*, 2023 IL 128413, another supreme court decision that may have been potentially relevant. After receiving the supplemental briefs, we agree with the State that neither decision impacts the case before us. This case is distinguishable from *Urzua*, as there is no indication that counsel did not understand the evidentiary requirements for postconviction proceedings. *Urzua*, 2023 IL 12789, ¶ 63. Similarly, this case is distinguishable from *Agee*, as defendant has not shown that counsel failed to include evidence that was existing and available. *Agee*, 2023 IL 128413, ¶ 56. As neither case affects our disposition, and the authority remains controlling (see *People v. Johnson*, 154 Ill. 2d 227 (1993)) we continue to affirm, and our original Rule 23 order is reissued in its entirety as follows.

¶ 3     Defendant, Carlos Porcayo-Bahena, appeals an order of the circuit court of Lake County dismissing his postconviction petition (see 725 ILCS 5/122-1 *et seq.* (West 2016)) after second-stage proceedings. He raises two main issues. First, defendant contends that trial counsel and appellate counsel were ineffective for failing to properly challenge the trial court's ruling that a witness (Maria Porcayo, hereinafter "Maria") could invoke her fifth-amendment privileges (see U.S. Const., amend. V). Second, defendant also contends that postconviction counsel did not provide reasonable assistance because counsel failed to attach certain evidence to defendant's postconviction petition. For the reasons that follow, we affirm.

¶ 4                                   I. BACKGROUND

¶ 5       In resolving defendant's direct appeal in this matter, we set forth the facts of this case. See *People v. Porcayo-Bahena*, 2014 IL App (2d) 121379-U, ¶ 3. We will not reiterate them here; rather, we limit our discussion to the facts pertinent to this appeal.

¶ 6       Defendant stands convicted of one count of predatory criminal sexual assault and six counts of aggravated criminal sexual abuse. Two victims were involved, L.O. and A.O. Both testified regarding the details of the offenses. See *Porcayo-Bahena*, 2014 IL App (2d) 121379-U, ¶¶ 4-8. At issue in this appeal are the trial court's rulings concerning certain impeachment evidence that defendant was unable to offer against the two victims. Defendant points to evidence that he asserts established a motive for these witnesses to fabricate the charges against him. He alleged that his trial counsel and his appellate counsel were ineffective for failing to raise this issue on direct appeal.

¶ 7       Regarding the alleged motive of these witnesses, defendant sought to call Maria (the victims' mother) and question her about, *inter alia*, her immigration status and that of L.O. and A.O. The trial court found that Maria could invoke her fifth-amendment rights and decline to answer questions about her immigration status. Defendant wanted to introduce this testimony to establish the relevance of additional evidence regarding how fabricating charges against defendant would have allowed Maria or her children to obtain a U-Visa. A U-Visa allows certain victims of criminal activity to remain in the country. 8 C.F.R. § 214.14 (Aug. 3, 2020). Being a victim of a sexual offense would qualify one for a U-Visa. *Id.*

¶ 8       Defendant's mother, Julia Porcayo, signed an affidavit averring she was party to a conversation involving Maria where the U-Visa program was discussed. During this conversation, according to Julia, Maria encouraged another woman to accuse her husband of domestic battery so that she could "attain legal status in the United States through the U-visa program." However,

absent evidence of the immigration status of Maria, L.O., or A.O., the trial court found that defendant had not established that this evidence was relevant.

¶ 9    Accordingly, the trial court determined: (1) Maria could invoke the fifth amendment to avoid questions about her immigration status and (2) absent such testimony, evidence regarding her purported desire to obtain a U-Visa was not relevant. The court found defendant failed to make a substantial showing that counsel was ineffective and dismissed the petition. This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, defendant raises two issues. First, he argues trial counsel and appellate counsel were ineffective for not challenging the trial court's ruling regarding Maria invoking her fifth-amendment privileges. Second, he asserts that postconviction counsel did not comply with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) in that counsel did not adequately support his postconviction petition with appropriate affidavits or evidence.

¶ 12    The trial court dismissed defendant's claims following second-stage postconviction proceedings. In accordance with the Postconviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2016)), a defendant may challenge a conviction by alleging a constitutional violation. *People v. Domagala*, 2013 IL 113688, ¶ 32. The Act contemplates a three-stage process of review. During the second stage, a defendant bears the burden of "making a substantial showing of a constitutional violation." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). If the petition survives to the second stage, an attorney may be appointed to assist the defendant. *Id.* at 472. A defendant is entitled to a "reasonable level of assistance" during postconviction proceedings. *People v. Addison*, 2023 IL 127119, ¶ 19; *People v. Turner*, 187 Ill. 2d 406, 410 (1999). "At the second stage of proceedings, all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true, and,

in the event the circuit court dismisses the petition at that stage, we generally review the circuit court's decision using a *de novo* standard." *Pendleton*, 223 Ill. 2d at 473. We may affirm on any basis appearing in the record, regardless of the rationale used by the trial court. *People v. Jones*, 2015 IL App (1st) 133123, ¶ 33.

¶ 13    We now turn to defendant's contention that he received ineffective assistance. Defendant contends that he received ineffective assistance of counsel from both trial and appellate counsel regarding their handling of the trial court's ruling that Maria could invoke her fifth-amendment privilege if questioned about her immigration status. We disagree.

¶ 14    As a preliminary matter, we note that the State argues that the law-of-the-case doctrine (see *People ex rel. Madigan v. Illinois Commerce Comm'n*, 2012 IL App (2d) 100024, ¶ 31) precludes defendant from raising this issue at this time. Generally, the law-of-the-case doctrine bars a party from relitigating an issue that was already decided in the same case. *People v. Tenner*, 206 Ill. 2d 381, 395 (2003). As this is a collateral attack, the law-of-the-case doctrine does not apply. *Id*. at 395-96 ("[The law-of-the-case] doctrine does not apply here because the instant case involving the defendant's second post-conviction petition is not the same case as either that involving his first post-conviction petition or that involving his federal *habeas corpus* petition."). Nevertheless, the State is correct that this issue is partially precluded, though the relevant doctrines are actually forfeiture and *res judicata*: "[W]here a petitioner has previously taken an appeal from a judgment of conviction, the ensuing judgment of the reviewing court will bar, under the doctrine of *res judicata,* postconviction review of all issues actually decided by the reviewing court, and any other claims that could have been presented to the reviewing court will be deemed waived." *People v. Edwards*, 2012 IL 111711, ¶ 21. As the State points out, trial counsel *did* raise the fifth-amendment issue in defendant's post-trial motion, so trial counsel did challenge the trial court's ruling on the

matter. Moreover, we agree with the trial court's observation that any issue concerning trial counsel's performance was forfeited as it could have been raised on direct review, but was not. See *People v. English*, 2013 IL 112890, ¶ 22. Therefore, as the State points out, "The only viable claim" in this appeal "is whether appellate counsel was ineffective for failing to raise this claim on direct appeal." Accordingly, we confine our analysis to appellate counsel's performance on direct appeal.

¶ 15    Defendant asserts appellate counsel's failure to raise this issue constitutes ineffective assistance of counsel. We assess the performance of appellate counsel using the familiar framework first set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). See, *e.g.*, *People v. Harris*, 206 Ill. 2d 1, 34 (2002). Under *Strickland*, a criminal defendant must establish that his attorney's performance fell below an objective level of reasonableness and that this failure prejudiced the defendant. *Id*. at 16. Regarding appellate counsel, a defendant "must show that the failure to raise an issue on direct appeal was objectively unreasonable and that the decision prejudiced defendant." *People v. Childress*, 191 Ill. 2d 168, 175 (2000). Unless a defendant shows that the issue appellate counsel failed to raise is meritorious, he or she cannot establish prejudice. *Id*. Because a defendant must satisfy both prongs of this analysis, the failure to establish either is fatal to a claim. *Id.* at 318.

¶ 16    We can begin and end with the second prong, as it is clear that defendant cannot establish prejudice. Generally, where a defendant asserts ineffectiveness of counsel for failing to call a witness, "such claims must be supported by an affidavit from the proposed witness because, in the absence of an affidavit, a reviewing court cannot determine whether the proposed witness could have provided testimony or information favorable to the defendant." *People v. DuPree*, 2018 IL 122307, ¶ 39. Given Maria's unwillingness to testify, securing an affidavit from her may not have

been possible. Nevertheless, it was incumbent upon defendant to provide some evidence indicating that her testimony would have been helpful to him. To be helpful, Maria would have had to acknowledge that her or her children's immigration status was such that a U-Visa would have been useful to them. Conversely, counsel could have sought evidence from some other source to establish Maria's immigration status (such as testimony from other witnesses or federal immigration records). Absent such evidence, it is mere speculation to conclude that defendant suffered prejudice due to the exclusion of Maria's testimony. See *People v. Bew*, 228 Ill. 2d 122, 135 (2008) ("*Strickland* requires actual prejudice be shown, not mere speculation as to prejudice."). Thus, defendant's claim must fail regarding appellate counsel.

¶ 17    Seeking to avoid this result, defendant argues that he has "made a substantial showing of prejudice." He asserts that Maria's testimony would have made relevant the testimony of two other witnesses who purportedly could testify about conversations they had with Maria about the U-Visa program. However, the relevance of this testimony depended on what answer Maria would have given about her immigration status. Again, we are left to speculate regarding what Maria's testimony would have been and whether it would have allowed defendant to introduce the evidence about U-Visas. In short, given the lack of evidence regarding how Maria would have testified (or similar evidence from another source), we are compelled to conclude defendant has not established prejudice—a necessary component of a claim of ineffectiveness. *Childress*, 191 Ill. 2d at 175.

¶ 18    Defendant's second contention is that postconviction counsel provided unreasonable assistance for failing to amend his postconviction petition with adequate evidence to support its allegations. Defendant asserts that postconviction counsel should have included some evidence that Maria, L.O., or A.O were in the country illegally (*i.e.*, the sort of evidence that was lacking regarding defendant's first argument).

¶ 19    Defendant notes that the petition, as amended by postconviction counsel, identified three potential sources of such information: federal immigration records; cross-examination of L.O. and A.O; and testimony from Maria's mother, Julia, regarding immigration status. Defendant points out that postconviction counsel did not attach any immigration records or affidavits from L.O. or A.O. He did attach an affidavit from Julia; however, it contained no information regarding what Julia would have testified to if questioned regarding Maria's immigration status at trial. The trial court specifically cited that lack of such affidavits and immigration records in granting the State's motion to dismiss the petition. Such evidence, according to defendant, would have provided a foundation for testimony about the U-Visa program, which would then establish a potential motive for the victims to fabricate the charges.

¶ 20    Again, a defendant is entitled to the reasonable assistance of counsel during postconviction proceedings. *Addison*, 2023 IL 127119, ¶ 19; *Turner*, 187 Ill. 2d at 410. Hence, Illinois Supreme Court Rule 651(c) establishes specific duties that counsel must perform during the second stage of postconviction proceedings. *Id*. Rule 651(c) states that counsel must consult with the defendant, examine the record, and amend the defendant's *pro se* petition to adequately present the defendant's claims. *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007); Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). It further mandates that counsel file an affidavit stating that he or she has complied with the rule. *Schlosser*, 2012 IL App (1st) 092523, ¶ 18. Where such an affidavit is filed, it creates a rebuttable presumption that postconviction counsel provided reasonable assistance. *Profit*, 2012 IL App (1st) 101307, ¶ 19. This presumption entails a further presumption that counsel made an effort to obtain necessary "affidavits or other documents" but was unsuccessful. *People v. Johnson*, 154 Ill. 2d 227, 241(1993); *People v. Kirk*, 2012 IL App (1st) 101606, ¶ 25; *People v. Kirkpatrick*,

2012 IL App (2d) 100898, ¶ 21. We review this issue using the *de novo* standard. *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007).

¶ 21   Here, postconviction counsel filed such an affidavit, so defendant bears the burden of overcoming this presumption. *Id*. Moreover, counsel's failure to follow Rule 651(c) may not be excused on the basis that it is harmless. *Addison*, 2023 IL 127119, ¶¶ 36-42; *Suarez*, 224 Ill. 2d 37, 51-52. Our supreme court has held, "[I]t is error to dismiss a postconviction petition on the pleadings where there has been inadequate representation by counsel." *Suarez*, 224 Ill. 2d at 47. Accordingly, if counsel fails to comply with Rule 651(c), a defendant need not show that the omission was prejudicial. *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18 (citing *People v. Perkins*, 367 Ill. App. 3d 895, 905 (2006)).

¶ 22   Quite simply, defendant has not rebutted the presumption that counsel made an effort to obtain necessary affidavits and evidence. See *Johnson*, 154 Ill. 2d at 241. Defendant points to nothing in the record that indicates that postconviction counsel did not attempt to secure necessary support for the postconviction petition, albeit unsuccessfully. Accordingly, defendant had not established that he received unreasonable assistance of counsel during postconviction proceedings. Therefore, we reject defendant's argument on this point.

¶ 23                             III. CONCLUSION

¶ 24   For the reasons stated, we affirm the dismissal of defendant's postconviction petition and reject defendant's claim that postconviction counsel rendered unreasonable assistance. We therefore affirm the judgment of the circuit court of Lake County.

¶ 25   Affirmed.

¶ 26   JUSTICE KENNEDY, dissenting:

¶ 27    I respectfully dissent because, although I agree with the majority that defendant failed to make a substantial showing that either his trial or appellate counsel were ineffective, I disagree that defendant received reasonable assistance of postconviction counsel. Therefore, I would vacate and remand for a new second-stage proceeding.

¶ 28    In *Agee*, 2023 IL 128413, ¶¶ 44-46, our supreme court held that postconviction counsel has a duty of reasonable assistance under Supreme Court Rule 651(c) (eff. July 1, 2017) when both amending the *pro se* petition and adding new claims. The duty of reasonable assistance requires that postconviction counsel adhere to the Act's pleading requirements found in section 122-2 (725 ILCS 5/122-2 (West 2022)). Specifically, the postconviction petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations *or shall state why the same are not attached.*" (Emphasis added.) *Id.* Our supreme court has upheld the dismissal of a *pro se* postconviction petition at the first stage for noncompliance with section 122-2, explaining that a *pro se* petitioner may not be excused from section 122-2's pleading requirement to, if not attaching affidavits or other evidence, explain why such evidence is unobtainable. *People v. Collins*, 202 Ill. 2d 59, 68-69 (2002). *A fortiori*, postconviction counsel has a duty under Rule 651(c) to fully comply with section 122-2's pleading requirements when adding a claim to the *pro se* petition, where the petitioner at the first stage would not have had an opportunity to attach affidavits or other evidence or explain why the same were not attached.

¶ 29    Here, postconviction counsel had a duty under Rule 651(c) to adequately present defendant's claims, including the added claim that trial counsel was ineffective for failing to present evidence to establish Maria's immigration status. Yet, counsel did not attach any affidavits or other evidence to support that claim, *and he did not explain why he did not*, despite the added claim wholly depending on unattached evidence. Thus, although postconviction counsel filed a

Rule 651(c) certificate, I believe the presumption of reasonable assistance is rebutted on the face of this petition by counsel's noncompliance not only with section 122-2's evidentiary requirements but also with its pleading requirements in adding the new claim. See *Collins*, 202 Ill. 2d at 68. For these reasons, I dissent.