# Illinois Official Reports

## Appellate Court

---

### *Mular v. Ingram*, 2016 IL App (1st) 152750

---

| | |
|---|---|
| Appellate Court Caption | GERALDINE MULAR, Plaintiff-Appellant, v. DAWN INGRAM, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-15-2750 |
| Filed | December 13, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-L-7928; the Hon. Kathy M. Flanagan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Law Office of George C. Xamplas, of Chicago (George C. Xamplas, of counsel), for appellant.<br><br>The Hunt Law Group, LLC, of Chicago (Brian J. Hunt and Courtney A. Morso, of counsel), for appellee. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion.<br>Justices Neville and Pierce concurred in the judgment and opinion. |

**OPINION**

¶ 1 Plaintiff Geraldine Mular appeals from the trial court's dismissal of her construction negligence complaint against defendant Dawn Ingram, arising out of injuries Mular allegedly sustained when she fell while a guest at Ingram's house. The trial court dismissed the complaint based upon its finding that the cause was barred by the doctrine of *res judicata*. On appeal, Mular contends that the trial court erred when it applied the doctrine of *res judicata* to this case because she attempted to bring her construction negligence claim in her original complaint but was denied the opportunity to do so. Mular further contends that *res judicata* should not be applied to this case in the interests of fundamental fairness. We affirm.

¶ 2 This court set forth the facts relevant to this cause in our prior decision. See *Mular v. Ingram*, 2015 IL App (1st) 142439 (*Mular I*). As we previously noted, this cause arises out of injuries Mular claimed she suffered when she fell in the backyard pool area of Ingram's home during a social gathering on July 18, 2010.

¶ 3 On July 16, 2012, Mular filed a complaint, in case No. 12-L-7928, alleging that Ingram, as homeowner, owed Mular a duty to maintain her property in a safe condition, which Ingram breached by (i) failing to provide a safe means of ingress and egress to the area; (ii) failing to keep the area free of tripping hazards; (iii) allowing the area around the pool to become unsafe due to uneven surfaces and poorly maintained concrete and concrete expansion joints; (iv) failing to inspect the area for hazardous conditions; and (v) failing to warn others of such conditions. The complaint also alleged that Ingram "failed to maintain the area around the premises' pool maintained and properly constructed [*sic*]."

¶ 4 On August 15, 2013, Ingram filed a motion to dismiss pursuant to Illinois Supreme Court Rule 103(b), alleging that a nearly one-year delay in service constituted a failure to exercise reasonable diligence. See Ill. S. Ct. R. 103(b) (eff. July 1, 2007) ("[i]f the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice"). Specifically, the complaint was filed on July 16, 2012, and Ingram was not served until July 9, 2013. The motion also alleged, *inter alia*, that there was a six-month delay between the return of the first alias summons in September 2012 and the issuance of a second alias summons in March 2013, that the two alias summonses were issued to the wrong address, and that Ingram had continuously lived at the same address since 1990. The motion further alleged that Mular knew Ingram's correct address and that the proper address was listed in the complaint.

¶ 5 In granting the motion to dismiss, the trial court first noted "the length of time" it took Mular to serve Ingram, that is, "four days short of one year." The court then stated that the addresses on the first and second alias summonses were incorrect and that the first attempt to serve Ingram was done after the expiration of the two-year statute of limitations. The court found it "particularly troubling to understand" the delay because Mular knew where Ingram lived and the proper address was listed in the complaint. The court was unpersuaded by Mular's "excuses and explanations" and held that Mular did not act with reasonable diligence in attempting to serve Ingram. The court dismissed the cause with prejudice because Ingram

was not served until almost 11 months after the end of the two-year statute of limitations applicable to personal injury cases.

¶ 6 Mular's counsel then asked whether the court considered the four-year statute of limitations applicable to construction negligence claims "as there is an allegation pursuant to the construction of the improvement of the property." Counsel asked for the opportunity to amend the complaint if the trial court felt that claim was "not clearly stated." The court directed the parties to file additional briefing as to whether the dismissal of the case should be with prejudice and postponed entry of the order.

¶ 7 At a later hearing, the trial court stated that it "re-reviewed everything" and failed to see how the cause was a construction case "at all" when nothing alleged that construction was "going on." Rather, the case was a "trip and fall like any other trip and fall." Accordingly, on May 20, 2014, the trial held that the four-year statute of limitations applicable to construction negligence did not apply to the cause of action as pled and dismissed the cause with prejudice pursuant to Illinois Supreme Court Rule 103(b). The trial court denied Mular's motion to vacate and reconsider, and to file an amended complaint. Mular filed an appeal.

¶ 8 In July 2014, during the pendency of the appeal in case No. 12-L-7928, Mular filed a complaint alleging construction negligence and seeking damages for injuries arising out of the same occurrence. Mular claimed that as the owner of the home, Ingram owed a duty to exercise ordinary care for the safety of persons who entered the property and that she violated that duty by, *inter alia*, negligently allowing the area around the pool to be unsafe due to uneven surface levels and poorly maintained concrete. The complaint further alleged that Ingram owed a duty to exercise ordinary care to design and construct improvements and repairs to the property and that she breached this duty when she (i) failed to design and construct a safe means of ingress and egress to the property; (ii) failed to design and construct the area of the pool to be clear of tripping hazards; (iii) constructed the area around the pool in an unsafe condition by having uneven surface levels and poorly maintained concrete and concrete expansion gaps; (iv) designed the premises and in particular the area around the pool; and (v) constructed and designed the premises and area around the pool.

¶ 9 In December 2014, Ingram filed a motion to dismiss pursuant to section 2-619(a)(4) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(4) (West 2014)), alleging the instant cause was barred by the doctrine of *res judicata* pursuant to trial court's May 20, 2014 order dismissing case No. 12-L-7928 with prejudice. The motion further alleged that the cause was barred by the two-year statute of limitations, and, assuming that Mular had sufficiently alleged that Ingram was involved in the construction of the pool area, a fact Ingram disputed because the pool was built before she purchased the house, the claim was barred by the 10-year construction statute of repose (735 ILCS 5/13-214(b) (West 2014)).

¶ 10 In February 2015, the trial court stayed its ruling on the issue on *res judicata* pending a ruling on Mular's appeal from the trial court's dismissal with prejudice in case No. 12-L-7928. On May 20, 2015, this court issued its opinion.

¶ 11 On appeal, this court first considered Mular's argument that the four-year statute of limitations applicable to construction negligence claims applied to the case. We noted that the types of claims to which section 13-214(a) of the Code (735 ILCS 5/13-214(a) (West 2010)), applied were limited to construction activities related to the design, planning, supervision, observation, or management of a construction project. *Mular I*, 2014 IL App (1st) 142439, ¶¶ 15-16. Therefore, a landowner's maintenance of an existing improvement to real property,

without an allegation that the landowner took part in the construction of that improvement, did not fall within the purview of section 13-214. *Id.* ¶ 16. The "sole" reference to construction found in Mular's one-count complaint alleged that Ingram was guilty of negligence because she " '[c]arelessly and negligently failed to maintain the area around the premises' pool maintained and properly constructed [*sic*].' " *Id.* ¶ 18. No allegations of fact in the complaint supported the inference that Ingram participated in the design, planning, or supervision of the construction of the pool. *Id.* We also noted that the proposed amended complaint lacked any well-pled facts other than conclusory allegations that Ingram was under a duty to design and construct improvements to her property to be safe for persons entering the property and failed to design and construct the area around the pool to be free of tripping hazards. *Id.*

¶ 12  *Mular I* therefore concluded that Mular's complaint asserted a premises liability claim against a property owner governed by a two-year statute of limitations, and, consequently, service on Ingram on July 9, 2013 for injuries sustained by Mular on July 18, 2010, was beyond the applicable two-year statute of limitations. *Id.* ¶¶ 18-19. Dismissal with prejudice pursuant to Illinois Supreme Court Rule 103(b) was proper when, *inter alia*, nearly one year elapsed between the filing of the lawsuit and the date Ingram was served, and Ingram was "easy to locate." *Id.* ¶ 25. Accordingly, under the circumstances of the case, Mular's delay in serving Ingram exhibited a lack of reasonable diligence, and the trial court properly exercised its discretion to dismiss the complaint with prejudice. *Id.* ¶ 30.

¶ 13  After the filing of the opinion in *Mular I*, proceedings in the instant cause resumed in the circuit court. In granting Ingram's motion to dismiss, the trial court found that there was identity of the cause of action when, although the instant cause and case No. 12-L-7928 alleged different theories of recovery, they arose of out the same operative facts, *i.e.*, Mular's fall in the pool area of Ingram's property on July 18, 2010. The court also rejected Mular's fundamental fairness argument, concluding that she could have brought her construction negligence claim in the original action. Mular now appeals.

¶ 14  On appeal, Mular contends that the trial court erred when it dismissed the case pursuant to the doctrine of *res judicata* because she attempted to bring a claim of construction negligence in case number 12 L 7928, but was denied the chance to remedy any deficiencies in her complaint when the trial court denied her leave to amend it. Mular further argues that *res judicata* should not apply to this cause in the interest of fundamental fairness because its application means that she will never be able to present her case to a jury.

¶ 15  "*Res judicata* is an equitable doctrine that is designed to prevent a multiplicity of lawsuits between the same parties where the facts and issues are the same." *Severino v. Freedom Woods, Inc.*, 407 Ill. App. 3d 238, 244 (2010); see also *Henstein v. Buschbach*, 248 Ill. App. 3d 1010, 1015-16 (1993) (*res judicata* promotes "judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts and also prevents the unjust burden that would result if a party could be forced to relitigate what is essentially the same case"). In order for the doctrine of *res judicata* to apply, three requirements must be met: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) identity of cause of action; and (3) identity of parties or their privies. *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 9. When these three factors are met, the final judgment rendered on the first cause of action bars any subsequent action between the same party or their privies involving the same claim, demand, or cause of action. *Id.*

¶ 16    "A cause of action is defined by the facts that give rise to a right to relief." *Id.* ¶ 10. Even if several theories of recovery arise out of the same facts, there is a single cause of action. *Id.* In other words, *res judicata* bars not only "all matters that were actually decided but also *** those matters that could have been decided in the prior action." *Id.* ¶ 9. Whether *res judicata* bars a subsequent claim is a question of law that we review *de novo*. *Amalgamated Transit Union, Local 241 v. Chicago Transit Authority*, 2014 IL App (1st) 122526, ¶ 13.

¶ 17    Here, the parties dispute whether the second requirement, an identity of the cause of action, is met. Mular contends that the instant case and case No. 12-L-7928 are different because case No. 12-L-7928 was a premises liability action and the instant case is a construction negligence action. Ingram, on the other hand, contends that there is an identity of the cause of action because the instant cause arises out of the same operative facts as case No. 12-L-7928.

¶ 18    To determine whether there is an identity of cause of action for *res judicata* purposes, the "transactional test," is used. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 309-10 (1998). Accordingly, differing claims are "considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* at 311. See also *Wilson*, 2012 IL 112898, ¶ 10 ("A cause of action is defined by the facts that give rise to a right to relief.").

¶ 19    Here, the instant cause and case No. 12-L-7928 arise out of the same operative facts, that is, Mular's fall in the pool area at Ingram's home. These facts formed the basis for Mular's premises liability claim case No. 12-L-7928 and form the basis of her construction negligence claim in the instant case. Therefore, there is an identity of the cause of action, despite the fact that each complaint asserts a different theory of recovery. See *River Park, Inc.*, 184 Ill. 2d at 311. As our supreme court has explained, "[a]lthough a single group of operative facts may give rise to the assertion of more than one kind of relief or more than one theory of recovery, assertions of different kinds or theories of relief arising out of a single group of operative facts constitute but a single cause of action." *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 490-91 (1993).

¶ 20    We are unpersuaded by Mular's apparent contention that because the instant complaint "clarified and expanded upon the allegations of the first complaint," the instant complaint is not barred by *res judicata*.

¶ 21    It is not the same evidence or the same theory of relief that triggers the application of *res judicata*. Rather, separate claims are "considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc.*, 184 Ill. 2d at 311. Here, both the 2012 and the 2014 lawsuits arose out of the same operative facts. The bar of *res judicata* extends not just to what was actually decided in the first suit but also to "those matters that could have been decided in that suit." *Id.* at 302. Claims are considered to be part of the same cause of action "even if there is not a substantial overlap of evidence, so long as they arise from the same transaction." *Id.* at 311. Accordingly, because the claim raised in the instant complaint arises from the same operative facts as the claim raised in the 2012 complaint, there is an identity of the cause of action despite the fact that the claims themselves are based upon different theories of relief (see *Wilson*, 2012 IL 112898, ¶ 10), and the trial court properly applied the doctrine of *res judicata* (*Amalgamated Transit Union, Local 241*, 2014 IL App (1st) 122526, ¶ 13).

¶ 22    Mular further contends that because *res judicata* is an equitable doctrine, it should not be applied to this case because it would deprive her, "for all time," of the right to place her cause of action before a jury.

¶ 23    Mular is correct that a court should not apply the doctrine of *res judicata* where it would be fundamentally unfair to do so. See *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 393-94 (2001) ("The doctrine of *res judicata* need not be applied in a manner inconsistent with fundamental fairness."). But here we conclude that the application of *res judicata* is not unfair when the record reveals that (1) the complaint filed in case No. 12-L-7928 did not specifically allege that Ingram was involved in the construction of the pool area; (2) that complaint was dismissed with prejudice because Ingram was not served until almost one year after it was filed despite the fact that Mular knew where Ingram could be found; and (3) the first time that construction negligence was explicitly mentioned was after the trial court granted Ingram's motion to dismiss. That Mular may be barred from placing her case before a jury is merely an outcome of the failure to include all of her claims in the complaint filed in case No. 12-L-7928. Although Mular may be dissatisfied with that outcome, this court has long held that a party cannot relitigate an issue "merely because [she is] unhappy with the previous result." *Edwards v. City of Quincy*, 124 Ill. App. 3d 1004, 1014 (1984). Accordingly, we decline to relax the application of *res judicata* in this case.

¶ 24    For the reasons discussed above, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.