2019 IL App (1st) 182271-U

No. 1-18-2271

Third Division
November 6, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SHIRLEY STOREY, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | No. 18 L 5031 |
| v. | ) ) | Honorable |
| JENNIFER HALE, | ) ) | Patrick J. Sherlock, Judge, presiding. |
| Defendant-Appellee. | ) ) | |

JUSTICE COBBS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**O R D E R**

¶ 1       *Held*: The trial court's dismissal of plaintiff's complaint is affirmed where *res judicata* barred the action.

¶ 2       Plaintiff-appellant, Shirley Storey, appeals *pro se* from an order of the trial court dismissing her complaint on the basis of *res judicata*. This appeal stems from Storey's eviction from her condominium unit. Defendant-appellee, Jennifer Hale, is the president of the board for the condominium association. On appeal, Storey asserts that the trial court

improperly dismissed her case before she could present it to the court. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4        We first note that the record on appeal only contains the common law record. Storey did not file a transcript, bystander's report, or agreed statement of facts for any trial court proceedings. See Ill. S. Ct. R. 323 (eff. July 1, 2017); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial[.]"). However, we believe the common law record is sufficient to determine the procedural history necessary to decide this case on the merits. As such, to the extent that we can discern, we compile the facts from the record below.

¶ 5        This appeal involves the review of three separate actions: the Eviction Action (12 M1 71804) filed by the 601 Condominium Association (Association) on May 23, 2012, the Municipal Action (13 M1 136165) filed by Storey on June 18, 2013, and the instant action filed by Storey on May 15, 2018. All three actions are related to Storey's eviction from her condominium unit, located at 601 E. 32nd Street, Unit 306, Chicago, Illinois, due to her failure to pay condominium assessments.

¶ 6                              A. Eviction Action

¶ 7        On May 23, 2012, the Association filed a complaint for possession of Storey's unit and for payment of unpaid assessments pursuant to the Eviction Act (735 ILCS 5/9-120, *et seq*. (West 2012)). On June 6, 2012, Storey filed, and the trial court granted, an emergency motion to request time to obtain an attorney, and the trial court granted that motion. We note that Storey now claims that she did not know about the eviction action until October 2012. On June 27, 2012, the Association sent Storey a "Forbearance and Installment Payment

Agreement" (Forbearance Agreement) that provided a payment plan for her to pay off the delinquent and future assessments for her unit. The Forbearance Agreement also required Storey to agree to an order of possession and judgment (Eviction Order), the enforcement of which would be stayed unless she failed to make the requisite payments. Storey signed the Forbearance Agreement on July 3, 2012. The agreed to Eviction Order was entered on August 1, 2012 and also bears Storey's signature. It states that it is a "final and appealable [o]rder[.]"

¶ 8      Sometime later, Storey defaulted on her payment plan under the Forbearance Agreement. The sheriff received the Eviction Order, and she was evicted on July 9, 2013.

¶ 9      On December 19, 2014, the Association moved to "extend lease to bona fide tenant" in the Eviction Action. Counsel for Storey entered his appearance and contested some of the charges on Storey's account. An evidentiary hearing was held on March 3, 2015, and the court granted the Association's motion and ordered charges be removed from Storey's account balance. Specifically, the court's order granted the Association leave to lease the unit. According to Storey's complaint in the instant action and statement of facts in her brief, she incorrectly believed this order allowed her to move back into the unit. On October 21, 2015, the trial court entered an order allowing the Association to withdraw their motion to extend lease and striking Storey's motion "off call for lack of jurisdiction."[1]

¶ 10                              B. Municipal Action

¶ 11      On June 18, 2013, while the Eviction Action was ongoing, Storey instituted an action against the Association and the property manager, Keith Williams, in the Municipal Division

---

[1] Though it is unclear from the record which motion the trial court was referring to, there is a motion filed in July 2015 requesting that the court charge Keith Williams with perjury and to allow Storey to regain possession of her unit.

of the Circuit Court of Cook County. The complaint alleged that Storey was forced to sign the agreement, though Storey now claims that her signature on the Forbearance Agreement was forged. In her complaint, she requested that the court rewrite the Forbearance Agreement to accommodate her financial situation. On August 15, 2013, the Municipal Action was dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2012)) because her complaint failed to state a cause of action upon which relief could be granted.

¶ 12                                C. Instant Action

¶ 13        On May 15, 2018, Storey instituted this civil action against Hale by filing a complaint in the Law Division of the Circuit Court of Cook County. The complaint alleges that Hale illegally took possession of Storey's property and evicted Storey even though she was paying her assessments. She seeks $200,000 in damages for her illegal eviction, her lost property, and pain and suffering.

¶ 14        On September 14, 2018, Hale filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Illinois Code of Civil Procedure (735 ILCS 2-615, 2-619 (West 2018)), alleging that the complaint "fails to state a claim upon which relief can be granted" and fails to state under what legal theory Hale can be sued. Hale further claimed that Storey's arguments could have been raised or were already rejected in the Eviction and Municipal Actions, and thus, the complaint is barred by *res judicata*. On October 15, 2018, the trial court entered an order dismissing Storey's complaint with prejudice on the basis of *res judicata*.

¶ 15                                II. ANALYSIS

¶ 16        Before reaching the merits of Storey's appeal, we address her failure to comply with the requirements for briefs filed with this court. Storey's brief contains multiple deficiencies pursuant to Illinois Supreme Court Rule 341(h) (eff. May 25, 2018) that hamper this court's

ability to conduct a meaningful review of her claims of error. Rule 341(h)(6) (eff. May 25, 2018) requires an appellant's brief to contain a statement of facts "necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Rule 341(h)(7) (eff. May 25, 2018) further requires that appellant's arguments include "citation of the authorities and the pages of the record relied on." Storey has failed to cite to the record or to any supporting legal authority for her claims. Moreover, her statement of facts is argumentative, lacks clarity, and is duplicative of her complaint, which the trial court stated was "replete with stream of consciousness allegations[.]" Although we recognize that Storey is proceeding *pro se*, compliance with these rules is mandatory for all litigants. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. Parties proceeding *pro se* are presumed to know the rules and procedures and must comply with them, just as those parties who are represented by attorneys. *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009). However, we have the benefit of a cogent brief from Hale and the record provides sufficient information. Thus, despite Hale's request that we dismiss Storey's appeal due to her lack of compliance, we will overlook Storey's noncompliance and address this appeal on the merits. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (finding that meaningful review was not precluded where the appellee's brief was cogent and the record was slim).

¶ 17    Storey argues that the trial court wrongly dismissed her case before she was able to present it, yet she does not explain why the dismissal was improper or cite any authority for her argument. She merely restates her complaint, alleging that Hale illegally took possession of her property. Hale responds that the trial court properly dismissed Storey's complaint on the basis of *res judicata* and this court should affirm that ruling on the same grounds.

Storey's brief fails to address the trial court's ruling and does not contest any of Hale's arguments that the doctrine should apply.

¶ 18 A motion to dismiss pursuant to section 2-619 admits the legal sufficiency of the pleadings but asserts certain defects or defenses. *Daniels v. Union Pacific R.R. Co.*, 388 Ill. App. 3d 850, 855 (2009). Section 2-619(a)(4) allows for the dismissal of an action if it is barred by a prior judgment. 735 ILCS 5/2-619(a)(4) (West 2018). Hale's motion to dismiss in this case was based on the doctrine of *res judicata*, and it is Hale's burden to prove her claim of *res judicata*. See *Daniels*, 388 Ill. App. 3d at 855. A section 2-619 motion presents a question of law, and thus, we review the dismissal of Storey's complaint *de novo*. *Direct Auto Insurance Company v. Bahena*, 2019 IL App (1st) 172918, ¶ 57.

¶ 19 *Res judicata*, or claim preclusion, is a "judicially created doctrine resulting from the practical necessity that there be an end to litigation and that controversies once decided on their merits shall remain in repose." *Village of Bartonville v. Lopez*, 2017 IL 120643, ¶ 49. It prohibits matters that were actually litigated and resolved in the prior action and "any matter which might have been raised in that suit to defeat or sustain the claim or demand." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334-35 (1996). The three elements of *res judicata* are: "(1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) an identity of cause of action, and (3) an identity of the parties or their privies." *Village of Bartonville*, 2017 IL 120643, ¶ 50.

¶ 20 We must first determine whether the trial court's Eviction Order in the Eviction Action and the section 2-615 dismissal in the Municipal Action constituted final judgments on the merits for purposes of *res judicata*. "An order is final if it either terminates the litigation

between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate branch thereof." *Wilson v. Edward Hosp.*, 2012 IL 112898, ¶ 19.

¶ 21 In the Eviction Action, the Eviction Order stated that it was a final and appealable order and effectively ended all litigation related to the eviction of Storey. In the Municipal Action, the summary dismissal with prejudice of Storey's complaint had the same effect. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 390 (2001) (stating that "the dismissal for failure to state a claim is an adjudication on the merits"). It is also not disputed that these were courts of competent jurisdiction. Thus, the Eviction Order and the dismissal in the prior actions were final judgments on the merits and the first element of *res judicata* is satisfied.

¶ 22 Next, we determine whether there is an identity of cause of action by applying the "transactional test." *Tebbens v. Levin & Conde*, 2018 IL App (1st) 170777, ¶ 33. Under the transactional test, "separate claims are considered the same cause of action *** where they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* It is clear that the claims asserted in the Eviction and Municipal Actions and those asserted in the instant case arose from a single group of operative facts. Namely, all three actions derive from Storey's failure to pay assessments, the execution of the Forbearance Agreement, and Storey's subsequent eviction from her unit. Thus, the allegations contained in this action could have been addressed in prior actions and we find that there is identity of cause of action.

¶ 23 Finally, we examine whether there is an identity of the parties or their privies. Though the parties are not identical in each action, Hale has demonstrated privity of parties among the three actions. " 'Privity generally exists when parties adequately represent the same legal interest.' " *Direct Auto*, 2019 IL App (1st) 172918, ¶ 62 (quoting *State Farm Fire &*

*Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 559 (2009)). Illinois courts have recognized that parties who are vicariously liable for one another and have the capacity to bind one another to a judgment, such as corporations and their officers, are a type of relationship that establishes privity. *Id.* ¶ 64.

¶ 24    Hale was the Association's Board President at the time each of the lawsuits were instituted and any actions taken by Hale were on behalf of the Association. Although she was not a named party in the Eviction and Municipal Actions, Hale's legal interests were represented in each action. See *Agolf, LLC v. Village of Arlington Heights*, 409 Ill. App. 3d 211, 220 (2011) (stating that privity exists where the party in the prior action adequately represented the same legal interests of the non-party). Additionally, the trial court determined, and we agree, that Storey was suing Hale in her capacity as Board President and not in her individual capacity. As the trial court stated, "[t]here is no single fact alleg[ing] defendant was acting on her own behalf[.]" Thus, we find that Hale and the Association were in privity, as Hale was an agent for the Association, and the third element of *res judicata* has been satisfied.

¶ 25    In sum, the allegations contained in Storey's instant complaint arise from the same basis as the Eviction and Municipal Actions, and any claims Storey has should have been asserted in those prior actions. As shown, Hale has established each element of *res judicata*. Therefore, the doctrine was properly applied to Storey's complaint.

¶ 26    Even if the doctrine of *res judicata* applies, a court will not apply it where fundamental fairness so requires. *Nowak*, 197 Ill. 2d at 390-91. It is Storey's burden to establish the applicability of this exception, and she has not done so here. See *Tebbens*, 2018 IL App (1st) 170777, ¶ 41. Nonetheless, we do not believe that it is necessary to relax the doctrine's

application. Though we recognize that the eviction has worked a hardship on Storey, she had the opportunity to present her arguments to the trial court in the prior actions and she failed to do so. See *Mular v. Ingram*, 2016 IL App (1st) 152750, ¶ 23 (stating that an issue cannot be relitigated merely because a party is unhappy with the result). Thus, the trial court's dismissal with prejudice on the grounds of *res judicata* was proper.

¶ 27                                                    III. CONCLUSION

¶ 28          For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 29          Affirmed.