2021 IL App (1st) 181605

No. 1-18-1605

Order filed April 22, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County |
| Respondent-Appellee, | ) ) | |
| v. | ) ) | No. 01 CR 22680 |
| ALOYSIUS OLIVER, | ) ) | Honorable Maria Kuriakos Ciesil |
| Petitioner-Appellant. | ) | Judge Presiding |

JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

ORDER

¶ 1    *Held*:   Circuit court's *sua sponte* denial of petition for relief from judgment affirmed when petition asserted a claim previously adjudicated and barred by *res judicata*.

¶ 2    A jury found Aloysius Oliver guilty of first degree murder for fatally shooting Chicago Police Officer Eric Lee on August 19, 2001, and he was subsequently sentenced to natural life imprisonment. We affirmed Oliver's conviction on direct appeal. *People v. Oliver*, No. 1-04-3078 & 1-06-0047 cons. (2009) (unpublished order under Supreme Court Rule 23). We also affirmed the circuit court's denial of his petition for relief from judgment, which was filed while the direct

appeal was pending and consolidated for review. *Id*. We further affirmed the circuit court's summary dismissal of a petition for postconviction relief filed in 2010. *People v. Oliver*, 2012 IL App (1st) 102531. In 2017, Oliver filed a second petition for relief from judgment, which the circuit court denied *sua sponte* by written order. Oliver appeals that order arguing that his petition asserted a meritorious claim warranting further proceedings. We find the petition essentially reasserts a claim previously raised and rejected and is, therefore, barred by *res judicata*. Accordingly, we affirm.[1]

¶ 3                                   I. BACKGROUND

¶ 4        The trial evidence showed Officers Eric Lee, Andre Green, and Vincent Barner were conducting drug surveillance from an unmarked vehicle on Chicago's south side when they heard a commotion coming from a nearby alley. The officers, all wearing plain clothes, went to investigate. The officers saw Oliver and two other men beating Lamar Logan and, identifying themselves as police, yelled for the assailants to stop. A chase ensued and Oliver fired two shots that struck Officer Lee. Officer Barner apprehended Oliver with help from Officer Broderick Jones who responded to Barner's yell for help and tackled Oliver in a gangway. Officer Jones was also in plain clothes and had been conducting drug surveillance nearby in a separate vehicle with Officer Corey Flagg. Officer Lee died from his gunshot wounds.

¶ 5        After his arrest, Oliver gave a videotaped statement explaining that he and his cousin attacked Logan because they discovered Logan urinating in the back yard. In his account, Oliver fired to escape after he saw men coming down the alley and one had a gun. At trial, Oliver called witnesses to support the theory that he did not know the officers were police despite ample evidence that they repeatedly identified themselves as such. The jury found Oliver guilty of the

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

first degree murder of Officer Lee, aggravated battery of Logan, and aggravated assault of Officer Barner. On appeal. This court found the evidence of Oliver's guilt overwhelming.

¶ 6    Before trial, the defense sought complaint and disciplinary records related to the officers. The Chicago Police Department's Office of Professional Standards (OPS) provided such records, which the circuit court reviewed *in camera*. Following its review, the court denied the defense's request for discovery of the records. On direct appeal, this court likewise reviewed the records and found them irrelevant for impeachment or any other issue in the case.

¶ 7    Additionally, the defense requested to depose Officers Jones and Flagg before trial. The circuit denied the request. On appeal, this court found the circuit court did not abuse its discretion because Officers Jones and Flagg never testified, the defense was allowed to depose Officer Green and Barner who did testify and had far greater involvement in the events, and Oliver had otherwise received a large amount of information in discovery indicating Officers Jones and Flagg's involvement.

¶ 8    While Oliver's direct appeal was pending, he filed his first petition for relief from judgment. That petition sought to re-open discovery based on the federal indictments of Officers Jones and Flagg for crimes related to their long-running corruption that involved stealing drugs and money from drug dealers through robbery and extortion. The circuit granted the State's motion to dismiss the petition. Oliver appealed and the matter was consolidated with his direct appeal.

¶ 9    On appeal, Oliver argued renewed discovery regarding all five officers was important to establish that the officers were conducting an illegitimate drug surveillance. He asserted that records of complaints and discipline for the officers were relevant to whether he knew the men approaching him were police officers, which in turn was relevant to consideration of self-defense, second degree murder, and his sentence. Overall, he argued that "new post-trial revelations showed

the potential for post-trial discovery to shed new light on the questionable police 'surveillance' preceding the shooting, attack the professionalism of a key State witness, reconcile the police claim that Mr. Oliver was the only suspect to their actions reflecting otherwise, and put the whole case in a different light." The evidentiary basis for the petition included "several exhibits, newspaper articles, police reports, an affidavit from an FBI agent used to demonstrate probable cause for federal criminal charges against [Officers Jones and Flagg], together with the fact of the actual indictments." This court also took judicial notice of Officers Jones and Flagg's 2008 plea agreements, which were appended to Oliver's brief.

¶ 10 This court recognized that new evidence derived from subsequent occurrences can support a petition for relief from judgment when the new evidence is relevant to circumstances that predate the judgment. Nevertheless, this court found the corrupt activities of Officers Jones and Flagg were not relevant to Oliver's case. We stated, "there was no error of fact relied upon by the jury demonstrated by the new matters or evidence [related to the officers' corruption]." We further noted that Officers Jones and Flagg did not testify at Oliver's trial, so their credibility was not at issue. Therefore, we found their corruption was not new evidence that could produce a different result had the jury been informed of it.

¶ 11 On October 26, 2017, Oliver acting *pro se* filed his second petition for relief from judgment. He asserted two grounds for relief: that in light of Officers Jones and Flagg's convictions, he should have been permitted to discover and present evidence of police misconduct at his 2004 trial; and the circuit court did not have authority to impose his natural life sentence. No supporting documentation accompanied the petition.

¶ 12 Though Oliver filed a notice indicating he served a copy of his petition upon the Cook County State's Attorney and his petition was mentioned in open court on several occasions, the

State did not file a responsive pleading. On May 24, 2018, the circuit court denied the petition *sua sponte* by written order finding that Oliver had not demonstrated he was entitled to relief. This appeal followed. Oliver requests that we reverse the circuit court and remand for an evidentiary hearing on his claim related to police misconduct because, he argues, his petition stated a meritorious claim for relief on that basis.

¶ 13                                    II. ANALYSIS

¶ 14                                   A. Section 2-1401

¶ 15        Section 2-1401 of the Code of Civil Procedure enables a litigant to petition for relief from a final judgment more than 30 days after its entry. 735 ILCS 5/2-1401(a) (West 2016). Though section 2-1401 provides a civil remedy, it extends to criminal cases where a defendant may seek to "correct all errors of fact occurring in the prosecution of a case, that were unknown to the petitioner and the court at the time of trial, which, if then known, would have prevented the judgment from being entered." *People v. Thomas*, 364 Ill. App. 3d 91, 98 (2006). The petition is filed in the same proceeding as the challenged judgment, but is a separate collateral action, not a continuation of the original proceeding. 735 ILCS 5/2-1401(b) (West 2016); *Stolfo v. KinderCare Learning Ctrs., Inc.*, 2016 IL App (1st) 142396, ¶ 25. To obtain relief, the defendant "must show both a meritorious defense to the charges against him and due diligence in presenting it." *People v. Pinkonsly*, 207 Ill. 2d 555, 565 (2003).

¶ 16        "Section 2-1401 petitions are essentially complaints inviting responsive pleadings." *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). If the State fails to answer, all well-pleaded facts are deemed admitted and the petition is ripe for adjudication. *People v. Jones*, 2015 IL App (1st) 133123, ¶ 22. But like a complaint, the petition is subject to dismissal for legal insufficiency such as failure to state a meritorious claim or defense. *Vincent*, 226 Ill. 2d at 8. So even in the absence of a responsive

pleading, the circuit court may review the petition, its supporting material, and the record of prior proceedings to evaluate the petition's legal sufficiency. *Id.* at 9. If the court finds the allegations would not entitle the petitioner to relief as a matter of law, the court may enter judgment on the petition *sua sponte* and without notice to the petitioner. *Id.* at 10-12. We review a circuit court's *sua sponte* denial of a section 2-1401 petition *de novo*. *Id.* at 18.

¶ 17                                B. Two-year limit

¶ 18          Initially, the State argues we should affirm the circuit court's judgment because Oliver filed his petition beyond the two-year limit provided in section 2-1401. 735 ILCS 5/2-1401(c) (West (2016). The State acknowledges that it did not raise the statute of limitations in the circuit court but contends it may do so on appeal because the circuit court did not deny Oliver's petition on that basis. We disagree.

¶ 19          Timeliness under a statute of limitations is an affirmative defense that may be waived or forfeited by failing to raise the issue in the circuit court. *People v. Cathey*, 2019 IL App (1st) 153118, ¶ 16, citing *Pinkonsly*, 2017 Ill. 2d at 562-63. In *Cathey*, a circuit court dismissed a section 2-1401 petition *sua sponte*, in part, because it was filed more than 20 years beyond the limitations period. *Id.* ¶ 12. This court found a trial court cannot dismiss a section 2-1401 petition based on timeliness *sua sponte*. *Id.* ¶ 19. We reasoned that "[a]pplication of the limitations period * * * requires a court to make fact determinations because exceptions are allowed for delays attributable to disability, duress, or fraudulent concealment" and the State's failure to respond deprives the defendant an opportunity to amend his petition to allege facts supporting an exception. *Id.* ¶ 18. For the same reasons, we find the State's forfeiture of a timeliness defense resulting from its failure to respond in the circuit court extends to appeal, where the petitioner is likewise unable to amend his petition to allege facts in support of an exception. Because the State failed to respond in the

circuit court and raise the statute of limitations, it cannot be raised on appeal even if the circuit court relied on other reasons to dismiss the section 2-1401 petition. Therefore, we cannot affirm the trial court's judgment based on the petition's timeliness.

¶ 20                                                    C. *Res judicata*

¶ 21        Apart from timeliness, the State argues Oliver's claim is barred by *res judicata*. *Res judicata*, like timeliness, is an affirmative defense, which could be forfeited if not raised. *Schloss v. Jumper*, 2014 IL App (4th) 121086, ¶ 18. But unlike timeliness, no Illinois court has found a circuit court cannot *sua sponte* dismiss a section 2-1401 petition based on *res judicata*. Nor has a court found the State cannot raise the issue on appeal if it failed to file a responsive pleading in the circuit court. In *People v. LaPointe*, 2018 IL App (2d) 160432, ¶ 21 fn. 2, the Second District observed, without deciding, that a circuit court could not *sua sponte* dismiss a petition for forensic testing based on *res judicata* because it is an affirmative defense. That panel also observed that a circuit court can summarily dismiss postconviction petitions based on *res judicata* but noted such disposition may be distinguishable because the Postconviction Hearing Act provides a unique procedure for the circuit court's independent review. *Id.*, citing *People v. Blair*, 215 Ill. 2d 427, 445 (2005) and *People v. O'Connell*, 227 Ill. 2d 31, 38 (2007).

¶ 22        While affirmative defenses are generally deemed waived when not raised in the circuit court and raised for the first time on appeal, "the waiver rule is an admonition to the parties and provides no limitation on this court's jurisdiction." *In re Mark W.*, 383 Ill. App. 3d 572, (2008), citing *Illinois State Chamber of Commerce v. Filan*, 216 Ill. 2d 653, 664 (2005). "A reviewing court may, in furtherance of its responsibility to provide a just result and to maintain a sound and uniform body of precedent, override considerations of waiver that stem from the adversarial nature of our system." (Internal quotation marks omitted.) *Severino v. Freedom Woods, Inc.*, 407 Ill. App.

3d 238, 249 (2010). In addition, we believe it is appropriate to consider whether *res judicata* bars a claim asserted in a section 2-1401 petition even if the State failed to respond or raise it in the circuit court. *Res judicata* bears on the legal sufficiency of the petition. If the contention was previously raised and rejected in direct or other collateral proceedings, it could not establish a meritorious claim for relief under section 2-1401. *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). The purpose of section 2-1401 is to bring facts to the attention of the circuit court that, if known at the time of judgment, would have precluded its entry. *Id.* at 463, citing *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). A previously raised and rejected claim, by force of logic, either was known and determined not to have precluded entry of the judgment or, if not known, was already deemed insufficient to preclude entry of the judgement. Further, unlike timeliness, which is a question of fact and may require an evidentiary hearing to resolve, whether *res judicata* bars a claim is a question of law that a court can resolve solely on a review of the petition and the record of prior proceedings. *Mular v. Ingram*, 2016 IL App (1st) 152750, ¶ 18. Thus, we decline to apply the waiver doctrine to whether Oliver's section 2-1401 claim is barred by *res judicata*.

¶ 23                                  D. Application of *res judicata*

¶ 24         Oliver argues his claim is not barred by *res judicata* because, he contends, he never had the opportunity to fully present the officers' misconduct and his petition adequately pleaded the discovery of new evidence to support that he was "reasonably and justifiably responding to a gang of rogue officers engaged in their own criminal enterprise when he defended himself." The newly discovered evidence, according to Oliver, is Officers Jones and Flagg's convictions following their guilty pleas. Before then, the federal indictments and complaints of misconduct, which were sealed and inspected *in camera*, were "mere allegations." But their convictions lend credibility to the now unsealed complaints and cause them to be viewed in a different light than before. Moreover, his

argument continues, Officers Jones and Flagg were not acting alone, but in concert with other officers. Some complaints named Officer Barner or Officer Green in addition to Officer Jones or Officer Flagg indicating a linkage between them. Thus, Oliver contends, Officers Jones and Flagg's convictions are "new facts which did not exist at trial or when previous collateral attacks were litigated." We disagree.

¶ 25     In this court's order disposing of Oliver's consolidated direct appeal and appeal from denial of his first petition for relief from judgment, we expressly took judicial notice of Officers Jones and Flagg's guilty plea agreements to federal corruption charges. This court was "mindful that the plea agreements * * * referenced corrupt activities by Flagg and Jones that predated the January 23, 2004 finding of guilty by the jury in [Oliver's] case." Thus, the prior appellate order positively rebuts Oliver's central assertion that Officers Jones and Flagg's convictions are newly discovered evidence. Furthermore, that order considered and rejected the same inference at the heart of Oliver's current petition. This court found that evidence of the officers' corrupt activities was not relevant to any fact relied upon by the jury.

¶ 26     Oliver likens his case to defendants who alleged police abused them to obtain confessions and were allowed to pursue those claims in collateral proceedings despite previous adjudication of the issue. See, *e.g.*, *People v Wrice*, 2012 IL 111860. However, in those cases, courts relaxed *res judicata* based on newly discovered evidence of systemic abuse and the petitioner's allegations were strikingly similar to the misconduct described in that new evidence. See *People v. Patterson*, 192 Ill. 2d 93, 139-45 (2000). Here, Oliver does not present any newly discovered evidence and the misconduct shown from Officers Jones and Flagg's convictions and other complaints is nothing like the circumstances in which he encountered and shot Officer Lee. Oliver told police he was beating Logan for urinating behind his house and fired shots to escape after being chased. Oliver

never alleged that he was a drug dealer that the officers were trying to shake down. The evidence related to police misconduct is simply too attenuated and has no nexus to the facts and circumstances of this case. *Cf. People v. Gonzalez*, 2016 IL App (1st) 141660, ¶ 58 (evidence of a police officer's misconduct in other instances is insufficient to establish a claim for relief without an allegation that the officer engaged in similar wrongdoing in that particular case). Therefore, we have no basis to relax *res judicata*.

¶ 27    In our view, Oliver's second section 2-1401 petition asserts, in substance, the same claim asserted in his first petition. Insofar as the petitions differ, the second petition amounts to no more than rephrasing the same claim asserted before. A petitioner may not avoid the bar of *res judicata* simply by rephrasing issues previously addressed. *People v. Williams*, 186 Ill. 2d 55, 62 (1999). Likewise, a petitioner cannot avoid *res judicata* by adding allegations that are encompassed by a previously adjudicated issue. *People v. Palmer*, 352 Ill. App. 3d 877, 884 (2004).

¶ 28                                CONCLUSION

¶ 29    For these reasons, we find Oliver's section 2-1401 petition for relief from judgment based on evidence of police misconduct is barred by *res judicata* and cannot establish a basis for relief. Accordingly, we affirm the circuit court's *sua sponte* denial of the petition.

¶ 30    Affirmed.